**Vladimir JELKOVSKI; Tatyana Jelkovski; Stanislav Jelkovski, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–3814.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

Scott A. Keillor, Ypsilanti, MI, for Petitioners.

Janice K. Redfern, Linda S. Wernery, U.S. Department of Justice, Office of Im-

migration Litigation, Washington, DC, for Respondents.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

### ORDER

Vladimir, Tatyana, and Stanislav Jelkovski, citizens of Russia currently residing in Michigan, petition through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying their requests for asylum and withholding of deportation. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Jelkovskis, a husband and wife and their son, were born in Russia. They entered the United States in 1992 and 1993, and overstayed their visas. They conceded deportability on that basis, but the husband and lead petitioner applied for the relief of asylum and withholding of deportation. A hearing was held before an immigration judge (IJ), at which the lead petitioner testified that he had been falsely charged with a crime and imprisoned for two years when he was a teenager. As an adult, he alleged that he had been subjected to persecution by organized crime elements in Russia who engaged in extortion on the basis of his membership in the social group of small businessmen. The IJ concluded that the Jelkovskis had not established persecution on the basis of a statutorily protected ground, and moreover, that petitioner's testimony was not credible. She denied the requests for asylum and withholding, but granted the Jelkovskis voluntary departure. The Board of Immigration Appeals (Board) affirmed the IJ's decision without opinion.

In their brief before this court, the Jelkovskis reassert their claims, and argue that the IJ erred in finding petitioner's testimony was not credible, that their counsel were ineffective, and that the affirmance-without-opinion procedure violated their due process rights.

The case was held in abeyance pending this court's decision in *Denko v. INS,* 351 F.3d 717 (6th Cir.2003). The Jelkovskis' argument that their due process rights were violated by the affirmance-without-opinion procedure before the Board of Immigration Appeals must be rejected based on this court's holding in *Denko,* 351 F.3d at 730.

■ On the merits of the Jelkovskis' claims, the court reviews the decision denying relief to determine whether it is supported by substantial evidence. *Klawitter v. INS,* 970 F.2d 149, 151–52 (6th Cir.1992). The Jelkovskis were required to establish that they had been persecuted on the basis of their race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ concluded that petitioner's status as a businessman was not a protected ground. In a factually similar case, targeting of a shop owner by criminals for extortion purposes was found not to constitute persecution on account of membership in a particular social group. *Bolshakov v. INS,* 133 F.3d 1279, 1280 (9th Cir.1998). The finding by the IJ that the Jelkovskis had not established persecution on the basis of a statutorily protected ground is supported by substantial evidence.

■ The Jelkovskis also argue that the IJ erred in finding petitioner's testimony lacked credibility. The IJ's determination that an applicant is not credible based on inconsistencies in his testimony is subject to deferential review. *Gumbol v. INS,* 815 F.2d 406, 412 (6th Cir.1987). The IJ in

this case properly noted that petitioner failed to mention during his direct testimony the claim in his application that he had been the victim of arson, a central basis of his requests for asylum and withholding, and changed his story on cross-examination concerning what the organized crime figures had demanded of him prior to burning down his stores. This was substantial evidence on which to find fault with petitioner's credibility. Moreover, this finding was not relevant to the ultimate conclusion that the Jelkovskis could not establish persecution on a protected ground.

◼ The Jelkovskis raise arguments of ineffective assistance of counsel both before the IJ and the Board. However, they failed to properly submit these claims to the Board, as they did not inform former counsel of their claims, or indicate that complaints had been filed with the bar association. *Stewart v. U.S. INS*, 181 F.3d 587, 596 (4th Cir.1999). Moreover, the claims of ineffective assistance are obviously without merit. Petitioner blames his counsel at the hearing for petitioner's failure to mention the arson of his business. Short of asking leading questions, petitioner does not show how counsel could have compelled him to testify more fully. The Jelkovskis also argue that their counsel before the Board was required to file a motion to reopen the case to allow them to request relief under the United Nations Convention Against Torture. Counsel for respondent points out that a motion to reopen was not required, because no final order of deportation had been entered at the time. Counsel for the Jelkovskis did not respond to this point in their reply brief.

Finally, because the Jelkovskis failed to establish eligibility for asylum, they were foreclosed from establishing the stricter elements of eligibility for withholding of deportation. *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir.1998).

For all of the above reasons, the petition for review is denied.