NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0738n.06

No. 08-4620

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 16, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| PETRO LUGOVYJ, | ) | |
| | ) | |
|     Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | OF FINAL ORDER OF |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., | ) | |
| United States Attorney General, | ) | |
| | ) | MEMORANDUM OPINION |
|     Respondent. | ) | |

BEFORE:    MERRITT, CLAY and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Petitioner Petro Lugovyj petitions the court for review of a

final decision of the Board of Immigration Appeals ("Board") denying his application for

withholding of removal under the Immigration and Nationality Act and for protection under the

Convention Against Torture. The Board upheld the decision of the immigration judge, who, without

making any adverse credibility determination regarding petitioner's claim of having been beaten and

robbed in Ukraine in November 1998, held that petitioner had failed to satisfy several requirements

for relief. Specifically, the immigration judge held that petitioner failed to demonstrate: (1) that the

violence visited upon him was motivated by a statutorily protected ground; (2) that government

officials were responsible based on their having incited or condoned the attack; (3) that he would

more likely than not suffer persecution on account of a protected ground if he returned to Ukraine;

and (4) that he would more likely than not suffer torture if he returned to Ukraine. On due consideration of the record, we find no error in the Board's final decision.

Where, as here, the Board adopts and affirms the decision of the immigration judge and provides additional reasoning of its own, we review both the decision of the immigration judge and the decision of the Board. *Lazar v. Gonzales*, 500 F.3d 469, 474 (6th Cir. 2007). Legal conclusions are reviewed de novo, but factual findings are reviewed under the deferential substantial evidence standard. *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006). Factual findings will be disturbed only if we find that the record evidence not only supports a contrary conclusion, but compels it. *Id.*

Petitioner does not contest the immigration judge's findings that he is subject to removal and is not eligible for asylum. Petitioner maintains, however, that he adequately demonstrated his entitlement to withholding of removal. To qualify for withholding of removal, petitioner must demonstrate a "clear probability" that his life or freedom would be threatened "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Kouljinski v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007); 8 U.S.C. § 1231(b)(3)(A).

Although petitioner was unable to identify the three assailants who beat him to the point of unconsciousness and robbed him in November 1998, he believes they were making good on previous threats for refusing to meet their extortionist demands for "protection money." Petitioner contends the extortion and beating were not on account of his race, religion or nationality, but because he was the owner of a profitable automobile parts business and his assailants wanted to make money without having to work. The assailants had demanded that he continuously pay them half of his business income in exchange for their support and protection of his business. When asked if he knew of any

connection between the assailants and the Ukrainian government, petitioner said he didn't know, but thought that "probably they were connected." Yet, petitioner contends the harm he suffered was on account of his imputed political opinion and membership in a particular social group. Specifically, he contends he is a member of a group of people who resist the activities of criminal organizations and corrupt Ukrainian officials, that his refusal to accede to the demands for protection money was viewed as opposition to government corruption, and that he was targeted for assault because of his political opinion (i.e., opposition to crime and corruption).

Although there is no doubt that petitioner was the victim of a criminal assault and robbery, the immigration judge and the Board concluded that petitioner's contentions about the assailants' motivations were based on speculation and supposition, and not supported by evidence. The fact that petitioner's brother died in a car accident in 2001 under circumstances petitioner's father reportedly deemed suspicious was accorded little weight because it was too speculative. The record evidence was deemed to support a finding that petitioner was the victim of criminal activity motivated by financial gain, rather than any statutorily protected ground. Further, noting that petitioner admittedly declined to file a written statement with the police to authorize investigation, the immigration judge and the Board concluded that he failed to demonstrate the government was unable or unwilling to protect him or was otherwise complicit in the crime. Having failed to demonstrate that the harm visited on him was the result of government-sponsored persecution based on a protected ground, the immigration judge and the Board also concluded that petitioner failed to demonstrate it was more likely than not that he would suffer cognizable persecution or torture if he returned to Ukraine.

In challenging these determinations, petitioner does not draw our attention to any evidence that was overlooked by the immigration judge and the Board. Rather, he argues that his testimony, coupled with State Department reports of general conditions in Ukraine, and case law decisions recognizing analogous theories of relief should be accepted as sufficient to sustain his burden of proof. Yet, what remains lacking is *evidence* linking the harm suffered by petitioner to a protected ground and to government complicity.

It is this lack of evidence that distinguishes this case from *Fedunyak v. Gonzales*, 477 F.3d 1126, 1128 (9th Cir. 2007), where a Ukrainian businessman was not only subject to extortion demands by local government officials and beatings for noncompliance, but was also subject to additional persecution in retaliation for his repeated complaints to authorities about local government officials' corruption. Fedunyak's "whistle-blowing" complaints were deemed to represent protected political activity, and the retaliation he suffered for acting against governmental corruption was deemed to justify withholding of removal. Here, in contrast, there is no evidence of governmental involvement in the extortion or the ensuing beating and robbery. Nor is there evidence that petitioner engaged in such political activity as opposing or criticizing the government's participation in or failure to stop the extortion scheme.

Also unpersuasive is the contention that petitioner's mere defiance of unidentified thugs' extortion demands renders him a member of a protected social group. A "social group" is a group of persons all of whom share a "common, immutable characteristic," . . . "a fundamental characteristic that either cannot be changed or should not be required to be changed because it is fundamental to the members' individual identities or consciences." *Castellano-Chacon v. I.N.S.*, 341

F.3d 533, 546-47 (6th Cir. 2003). Yet, "a social group may not be circularly defined by the fact that it suffers persecution." *Rreshpja v. Gonzales*, 420 F.3d 551, 556 (6th Cir. 2005). "The individuals in the group must share a narrowing characteristic other than their risk of being persecuted." *Id.* It follows that petitioner's attempt to define himself as a member of a social group whose members risk retaliation by resisting crime and corruption is impermissibly circular. The suggested social group is not based on any cognizable immutable characteristic and does not support petitioner's claim that he was persecuted on account of a statutorily protected ground.

The extant record evidence simply falls far short of compelling a conclusion contrary to that reached by the Board in its final decision. Accordingly, we have no alternative but to uphold the Board's final decision denying petitioner's application for withholding of removal and for protection under the Convention Against Torture. The petition for review must therefore be and is **DENIED**.

**MERRITT, Circuit Judge, concurring.** I concur in the Court's disposition of this case because the refusal of a business man to pay protection money to private individuals who violate local criminal law is not a basis for withholding removal. There does not appear on this record to be a basis for finding that government officials were in fact implicated in the harm. Petitioner's brother had been appointed as a police officer which, at least on the surface, demonstrates a lack of government hostility. There are many places in the United States where citizens are not safe from harm from criminal activity. The statute we are to enforce, 8 U.S.C. § 1231(b)(3)(A), does not include such threats in the list of grounds for asylum. The statute simply says that the government "may not remove an alien to a country if the Attorney General decides that the alien's life of freedom would be threatened in such country on the count of race, religion, nationality, membership in a particular social group, or political opinion." If asylum were allowed for private threats, probably every country in the world would qualify as a place from which we should withhold removal.