NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0017n.06

No. 11-4396

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JUAN SEGUNDO CRISTOBAL-LEON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM A |
| v. | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. Juan Segundo Cristobal-Leon, a native and citizen of Guatemala, seeks judicial review of a decision from the Board of Immigration Appeals (Board) dismissing his appeal from a decision by an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Cristobal-Leon illegally entered the United States in 1992. In 2007, he was detained in Butler County, Ohio, on charges of driving on a suspended license and was referred to U.S. Immigration and Customs Enforcement. Removal proceedings commenced and Cristobal-Leon admitted the charges and removability at an initial hearing. Cristobal-Leon filed his applications for relief in 2009, claiming that he feared persecution if he returned to Guatemala because his aunt had been kidnaped and her family threatened by guerillas in Guatemala in 1990. He also claimed that he had been caught in the middle of a gunfight between guerillas and Guatemalan soldiers in 1992. Cristobal-Leon also implied that guerillas may have been involved in the death of his uncle, but he was not certain of this. Cristobal-Leon feared that if he returned to Guatemala, he would be recruited by gangs and that, if he refused to join, he would be killed.

The IJ determined that Cristobal-Leon's application for asylum was untimely, pursuant to 8 U.S.C. § 1158(a). The IJ also determined that Cristobal-Leon was credible. However, the IJ concluded that Cristobal-Leon failed to show that he had been subjected to past persecution or had shown a well-founded fear of persecution that could support withholding of removal. The IJ also found that Cristobal-Leon had failed to show that, more likely than not, he would be tortured in Guatemala upon his return–and so had failed to establish eligibility for relief under the Convention Against Torture.

The Board dismissed Cristobal-Leon's appeal, agreeing with the IJ that the asylum application was untimely and that he was not entitled to withholding of removal or relief under the Convention Against Torture.

We lack jurisdiction to consider the IJ's decision to deny Cristobal-Leon's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003).

We have jurisdiction, however, over Cristobal-Leon's claims of withholding of removal and for relief under the Convention Against Torture. *See* 8 U.S.C. § 1252(a)(1); *Singh v. Ashcroft*, 398 F.3d 396, 400 (6th Cir. 2005). We review the Board's decision to determine whether it is supported by substantial evidence. *Mostafa v. Ashcroft*, 395 F.3d 622, 624 (6th Cir. 2005).

To prevail on a request to withhold removal, an alien must show that there is a clear probability that the alien would be subject to persecution if he or she returned to the country in question. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 430–31 (1987); *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010). The Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); *Vasha v. Gonzales*, 410 F.3d 863, 875 (6th Cir. 2005). The alien must show either past persecution on account of a protected ground or a well-founded fear of future persecution based on one of those grounds. *Khozhaynova v. Holder*, 641 F.3d 187, 192–93 (6th Cir. 2011).

In order to establish entitlement to relief under the Convention Against Torture, an alien must prove that it is more likely than not that the alien will be tortured with the consent or acquiescence of public officials if he or she returns to the country in question. 8 C.F.R. § 208.16(c)(2); *Khozhaynova*, 641 F.3d at 197. "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Cristobal-Leon failed to establish that he was subjected to persecution in the past or had a well-founded fear of persecution in the future. He suffered no personal harm or threats when he lived in Guatemala, and the threats to his aunt, a member of his extended family, do not support a finding of persecution, because Cristobal-Leon admits that his immediate family, including his parents and seven siblings, has continued to live in Guatemala without harm. *See Gumbol v. INS*, 815 F.2d 406, 413 (6th Cir. 1987). Cristobal-Leon also failed to establish that he is a member of a particular social group, because the group must share a narrowing characteristic other than the risk of being persecuted. *See Kante v. Holder*, 634 F.3d 321, 327 (6th Cir. 2011). Gang threats and the refusal to be recruited into gangs, without more, are insufficient to establish membership in a particular social group. *See Rreshpja v. Gonzales*, 420 F.3d 551, 555–56 (6th Cir. 2005). The alternative social group that Cristobal-Leon defines as Guatemalans who have lived in the United States and are perceived to have accumulated wealth is also too general and amorphous to qualify as a particular social group. Being perceived as an affluent Guatemalan is not a group membership recognized by either the asylum or the withholding of removal statutes. *See Rivera-Barrientos v. Holder,* 658 F.3d 1222, 1234 (10th Cir. 2011); *Lopez-Castro v. Holder*, 577 F.3d 49, 54–55 (1st Cir. 2009); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 71–74 (2d Cir. 2007).

Finally, the IJ did not erroneously deny the Convention Against Torture claim because Cristobal-Leon failed to present evidence that he would more than likely be tortured, with the

acquiescence of the government or public officials, upon his return to Guatemala. Recent reports from the United States Department of State revealed that the Guatemalan government has consistently opposed and fought gang warfare, even if those efforts have not always been successful. Moreover, the decisions by the Board and the IJ are supported by Cristobal-Leon's testimony that his entire family has continued to live in Guatemala without any apparent harm other than the civil unrest that all Guatemalans are encountering.

The petition for review is denied.