**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0043n.06

**No. 11-4338**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CESK PALOKAJ,

     **Petitioner,**

**v.**

**ERIC H. HOLDER, JR., Attorney General**

     **Respondent.**

                                  /

**FILED**
*Jan 08, 2013*
DEBORAH S. HUNT, Clerk

**ON PETITION FOR REVIEW FROM AN ORDER OF THE BOARD OF IMMIGRATION APPEALS**

**BEFORE:**    **KEITH, CLAY, and ROGERS, Circuit Judges**

     **CLAY, Circuit Judge.**  Petitioner Cesk Palokaj is an Albanian national who seeks review of a decision of the Board of Immigration Appeals denying his application for asylum under Section 208 of the Immigration and Nationality Act, and withholding of removal under the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46 ("CAT"). For the following reasons, we **DENY** the petition for review of the order of the Board of Immigration Appeals.

**BACKGROUND**

     Cesk Palokaj, an Albanian national, entered the United States illegally on June 14, 2005. (Gov't Br. at 5.)  On June 16, 2005, he was given a Notice to Appear ("NTA") by Border Patrol agents. The NTA charged Mr. Palokaj with removability as an alien who had been neither paroled

nor admitted, under Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. 1182(a)(6)(A)(i). Mr. Palokaj did not appear before the Immigration Judge, ("IJ") and he was ordered removed *in absentia* on September 25, 2005. Almost immediately afterwards, Mr. Palokaj did appear, and accordingly, the judgment *in absentia* was set aside on September 27, 2005. On September 26, 2005, Petitioner was granted a change of venue from the Immigration Court in Dallas to the Immigration Court in Detroit. At his hearing,[1] Petitioner conceded removability, but requested asylum and protection from removal, arguing that he would be subject to persecution on the basis of his social status were he returned to Albania. He further argued that he was entitled to protection under the Convention Against Torture ("CAT") because the Albanian government would not protect him from persecution were he sent back to Albania.

Petitioner testified before the IJ that his father runs one of the largest commercial fishing boats in Lezhe, Albania. Because of his father's wealth, Petitioner "lived in one of the best houses in the city of Lezhe." Petitioner claims that his relative wealth, given the typical standard of living in Albania, exposed him to dangerous attacks, including a kidnapping in which he was ransomed for the equivalent of $10,000.00, perpetuated by two men who had previously attacked Petitioner at his job.

---

[1]Petitioner had a hearing before the IJ on December 1, 2008. The IJ found against him, and he appealed; but the recording of the hearing was defective, so the BIA remanded the case to the IJ for further proceedings. (Certified Administrative Record at 111, BIA Decision, Feb. 26, 2009.) The IJ then issued a ruling which memorialized the un-recorded findings and the December 2008 decision. (*See id.* at 80–81, Decision and Order, July 26, 2010.) All references are to the later proceedings unless otherwise noted.

The IJ denied the petition on July 26, 2010. (Certified Administrative Record at 92, Opinion and Order of United States Immigration Judge, July 26, 2010.) The IJ found that Petitioner was not credible because his testimony was inconsistent. The IJ further found that the past incidents did not rise to the level of "persecution," and that they were not a result of Petitioner's membership in a particular social group protected under the INA. The IJ also found that Petitioner's claim under the CAT was without merit, because there was no credible evidence of government torture to which Petitioner was likely to be exposed were he to be returned to Albania. Petitioner filed a timely appeal on August 16, 2010, and the Board of Immigration Appeals ("BIA") issued an order on November 18, 2011, affirming the decision of the IJ. (BIA Decision, Nov. 18, 2011.) The BIA found that "perceived wealth is insufficient to meet [Petitioner]'s burden of proof," and that "he ha[d] failed to establish that the Albanian government is likely to acquiesce in treatment rising to the level of torture . . . ." *Id.* Mr. Palokaj now petitions this Court to overturn the decision of the BIA.

## DISCUSSION

### A.    Standard of Review

Where the BIA has provided an explanation of its reasoning, rather than summarily affirming or reversing the IJ's ruling, we treat the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). Accordingly, we review the findings of the BIA on a record that includes the decision of the IJ. *Abdallahi v. Holder*, 690 F.3d 467, 470–72 (6th Cir. 2012). "Questions of law are reviewed *de novo*, but substantial deference is given to the BIA's interpretation of the INA and accompanying regulations. The BIA's interpretation of the statute and regulations will be upheld unless the interpretation is 'arbitrary, capricious, or manifestly contrary

to the statute." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (internal quotation marks and citations omitted). We review factual determinations by the BIA under the substantial evidence standard, and will reverse only if "we find 'that the evidence not only supports a contrary conclusion, but *compels* it.'" *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007) (quoting *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004)).

**B.      The Immigration and Naturalization Act**

Section 208 of the INA, 8 U.S.C. § 1158(b)(1)(A), states that "[t]he Secretary of Homeland Security or the Attorney General may grant asylum to an alien . . . if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." A "refugee" is defined as

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A).

Therefore, in order to demonstrate that one is a refugee, and hence eligible for asylum, a petitioner must show that he is part of one of the protected classes given in the statute, and that he has, at the very least, "a well-founded fear of persecution" on the basis of his membership in that group. As other circuits have phrased it, without a nexus between the purported attacks and membership in a protected group, there can be no persecution upon which to predicate asylum. *See Handono v. Attorney General*, 226 F. App'x 237, 238 (3d Cir. 2007).

Petitioner's claim for asylum fails at every stage of this analysis. As a general rule, perceived wealth is not considered a social group within the meaning of the INA. *See Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011) ("A social group is a group of persons all of whom share a common, immutable . . . [and] fundamental characteristic that either cannot be changed or should not be required to be changed because it is fundamental to the members' individual identities or consciences." (quoting *Lugovyj v. Holder*, 353 F. App'x 8, 10 (6th Cir. 2009) (quotation marks omitted)). Accordingly, even if this Court accepted all of Petitioner's representations regarding incidents in Albania as true, and even were this Court to assume that he had a well-founded fear of future attacks, there would still be no basis upon which to afford him asylum. And this Court should not assume that these representations are true; the BIA affirmed the IJ's finding that Petitioner was not credible, a factual determination supported by substantial evidence in the record, and for which no contrary evidence compels an alternative finding.

Petitioner also cannot claim that the facts justify a claim of persecution. Assuming that Petitioner's representations regarding the past incidents in Albania were true, persecution is defined as "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Urbina-Mejia v. Holder*, 597 F.3d 360, 365 (6th Cir. 2010) (quoting *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009)) (quotation marks omitted). Petitioner may have been the victim of a crime, but he was not persecuted within the meaning of the statute.

Petitioner also seeks withholding of removal, but to obtain a withholding, Petitioner would have to meet an even higher burden of proof than he would in order to obtain asylum. *See Pablo-*

*Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010); *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) ("An alien seeking withholding of removal must demonstrate that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." (internal quotation marks and citations omitted)). Therefore, it is unnecessary for this Court to address his claim for withholding of removal under the INA. *See Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009) ("Thus, an applicant who fails to establish his eligibility for asylum necessarily fails to establish his eligibility for withholding of removal.").

### C.       The United Nations Convention Against Torture

Petitioner also seeks withholding of removal under the Convention Against Torture. Petitioners seeking protection under the Convention Against Torture must show that it is "more likely than not that he or she would be tortured if removed . . . ." 8 C.F.R. § 1028.16(c)(1) and (2); *see, e.g.*, *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1139 (6th Cir. 2010). Such torture involves "pain or suffering . . . inflicted by, or at the instigation of, with consent or acquiescence of, a public official or any other person acting in official capacity." 8 C.F.R. § 1208.18(a)(1). Petitioner has not asserted any direct conduct by the Albanian government with respect to his allegations of torture, nor has he shown any acquiescence or complicity in torture by the government, because he never even reported the alleged incidents to the authorities. *See Kopyonkina v. Mukasey*, 313 F. App'x 762, 769–70 (6th Cir. 2008) (no evidence of government complicity where it cannot be proven what police would have done had incidents been reported).

Simply put, Petitioner has not provided any basis for his allegations except mere assertions that he will be tortured. He cannot show government conduct or acquiescence, and he certainly does

not provide a sufficient basis upon which to disturb the findings of the BIA. The State Department Country Report for Albania does include areas of concern, including arrest and pretrial conditions, but found that "[t]he government generally respected the human rights of its citizens." (*See* Administrative Record at 000196.) And the BIA properly found that the record substantiated the IJ's finding that Petitioner failed to establish any basis for believing that the government would torture or acquiesce in the torture of Petitioner.

## CONCLUSION

For the foregoing reasons, we **DENY** the petition for review of the order of the Board of Immigration Appeals.