NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0062n.06

No. 12-3125

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 14, 2013*

DEBORAH S. HUNT, Clerk

ISAIAS PEREZ LOPEZ, et al.,                )
                                            )
    *Petitioner*,                        )
                                            )
                                            )    ON PETITION FOR REVIEW
v.                                          )    FROM THE UNITED STATES
                                            )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,      )    APPEALS
                                            )
    *Respondent*.                        )


BEFORE:  COLE and GRIFFIN, Circuit Judges; GWIN, District Judge.[*]

GWIN, District Judge.  Isaias Perez Lopez, a native and citizen of Mexico, petitions this Court to review an order of the Board of Immigration Appeals (BIA) that denied his family's application for asylum  and denied his applications for withholding of removal and protection under the Convention Against Torture.  Perez Lopez says that his status as a successful businessman in Mexico makes him a target for extortion.  The immigration judge (IJ) found Perez Lopez to be a non-credible witness due to conflicts between his testimony and declarations in his applications.  For the following reasons, we DENY Perez Lopez's petition for review.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1

I. Background

Perez Lopez, along with his wife, Ulda, and his sons Isaias, Ebed, and David, are citizens of Mexico who entered the United States in July or August 2000.[1] Eventually, they settled in Columbus, Ohio. In July 2003, Perez Lopez filed an application for asylum with the Department of Homeland Security (DHS). DHS denied the application and placed Perez Lopez in removal proceedings, ordering him to appear before an IJ on April 30, 2007. After a series of continuances, the IJ determined that Perez Lopez was subject to removal.

On January 6, 2011, the IJ conducted a hearing on Perez Lopez's application for asylum, withholding of removal, and protection under the Convention Against Torture. The asylum application dealt with Perez Lopez, along with his wife and two of his sons, while the other applications covered Perez Lopez alone. During the hearing, only Perez Lopez testified.

Perez Lopez testified that he worked as a food vendor in Oaxaca, Mexico, before migrating to the United States. While in Oaxaca, various persons unknown to Perez Lopez would seek to extort money from him in exchange for not hurting him and his family. These persons allegedly targeted business persons in the area. Perez Lopez testified that he gave them money once, but that the intimidation did not end. At one point, two men approached Perez Lopez and brandished knives, though the two men did not actually harm Perez Lopez. He also claims to have seen these persons physically harm his colleagues. Attempts to have the police intervene were apparently unsuccessful.

---

[1] A third son, David, had originally been part of these proceedings. He has since married an American citizen and his application has been severed from his parents' and brothers'.

According to Perez Lopez, the threats continued, as did his refusal to pay. He also testified that these persons eventually burned down his home. No clear evidence established that the persons harassing Perez Lopez were also responsible for the home's burning, but it appears that a neighbor identified one of the perpetrators. Perez Lopez did not report the arson to local police, and eventually left Oaxaca for Santa Cruz, Metepec, Mexico, where his father lived. The entire family lived with Perez Lopez's father for eight months, without incident. Perez Lopez testified, however, that his cousin was later murdered in Santa Cruz.

During cross-examination, inconsistencies in Perez Lopez's application came to light. Perez Lopez testified that the extortion took place while he worked as a vendor between 1993 and 1997, but his application stated that the extortion occurred between 1990 and 1994. When asked about the inconsistency, Perez Lopez said that the application's preparer did not read the application back in Spanish. This itself conflicted with Perez Lopez's earlier statement to the IJ that the application had been read back. When pressed by the IJ, Perez Lopez eventually acknowledged that the application had, in fact, been read back to him in Spanish.

That same day, the IJ made an oral decision. The IJ determined that the numerous conflicts in the testimony and the lack of corroborating evidence rendered Perez Lopez's testimony not credible. The IJ also found that Perez Lopez's asylum application was not timely filed. Perez Lopez needed to file the asylum application within one year of his entry into the United States, or August 2001. Instead, it was filed on July 7, 2003. The IJ found no changed circumstances materially affecting his application, and no extraordinary circumstances preventing the timely filing of the application.

3

The IJ also found that Perez Lopez's testimony did not describe treatment that rose to the level of past persecution. The testimony described no physical abuse, only one threat, and general, unsupported allegations that the persons extorting him also burned down his home. The IJ further found that Perez Lopez had not proven "that he had a well-founded fear of future persecution on account of his membership in a particular social group." Finally, the IJ found that Perez Lopez's testimony showed that he could relocate within Mexico and thereby eliminate any fear of persecution. Taken together, these factors demonstrated that Perez Lopez "failed to present evidence of sufficient quantity and quality to meet the relatively low threshold required for a grant of asylum . . . ." The IJ went on to note that Perez Lopez failed to meet the higher standard of proof necessary for a grant of withholding of removal, or to present evidence for relief under the Convention Against Torture.

Perez Lopez appealed the IJ's decision to the BIA. On January 11, 2012, the BIA dismissed the appeal, agreeing with the IJ's understanding of the facts. The BIA agreed that Perez Lopez is "ineligible for asylum because he failed to file his application within 1 year of entry and did not establish that he falls within one of the exceptions to the 1-year filing requirement." The BIA also held that Perez Lopez did not meet his burden of proof for withholding of removal or protection under the Convention Against Torture.[2] This appeal followed.

---

[2]The BIA noted that "it does not appear that [the IJ's Convention Against Torture holding] is being specifically challenged on appeal . . . ."

## II. Law & Analysis

Perez Lopez raises two issues on appeal. First, he contends that the statute requiring him to have filed his asylum application within one year of his entry into the United States is subject to tolling. Second, he argues that the IJ's findings on his eligibility for relief are not supported by substantial evidence in the record. We address each issue in turn.

### A. The Filing Requirement

An alien's application for asylum must be filed within one year of the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The alien bears the burden of demonstrating through clear and convincing evidence that he filed the application in a timely manner. *Id.* An untimely application may be considered by the agency if the applicant demonstrates "the existence of changed circumstances" which affects the application, or "extraordinary circumstances relating to the delay" in filing the application. *Id.* § 1158(a)(2)(D). Such extraordinary circumstances include illness, mental or physical disability, legal disability, ineffective assistance of counsel, obtainment of Temporary Protected Status, and the death or illness of the applicant's legal representative. 8 C.F.R. § 1208.4(a)(5).

"[T]he timeliness of an alien's asylum application is usually a question of fact" not subject to review by this Court. *Shkulaku-Purballori v. Mukasey,* 514 F.3d 499, 502 (6th Cir. 2007). The asylum statute states that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes the timely filing requirement. 8 U.S.C. § 1158(a)(3). This Court may, however, review a late asylum application if the appeal seeks review of constitutional claims. *Flores v. Mukasey*, 297 F. App'x 389, 393 (6th Cir. 2008).

Perez Lopez contends that § 1158(a)(2)(B) is a statute of limitation, which is subject to equitable tolling, rather than a statute of repose, which is not. Therefore, he says, the IJ's decision should be reversed and remanded to allow him to produce evidence seeking to equitably toll the filing requirement's statute of limitation. Perez Lopez does not, however, reveal what the basis of his equitable tolling argument would be. Regardless, this argument fails for several reasons.

First, adopting Perez Lopez's interpretation of the statute would render irrelevant portions of both the statute and corresponding regulations. An alien seeking to file his application for asylum beyond the one-year limitations period has one of three options: he can prove to the IJ or BIA that circumstances have changed and alter the basis for his application, 8 U.S.C. § 1158(a)(2)(D); he can prove to the IJ or BIA that there are extraordinary circumstances that warrant the late filing, *id.*; or he can prove to a federal court that there is a constitutional issue that mandates review, *Flores*, 297 F. App'x at 393.

But under Perez Lopez's interpretation, the requirement of showing changed circumstances or extraordinary justification, along with the requirement that a federal court cannot review the Attorney General's determination of those exceptions, becomes meaningless. Under Perez Lopez's argument, any claim, as long as it is grounded in equity, could form the basis for a federal court equitably tolling the statute.[3] Perez Lopez's position would allow federal court to review all IJ or

---

[3]There is another possible interpretation of Perez Lopez's first argument on appeal: It could be that he asks this Court to decide whether *the agency* could equitably toll the statute of limitations. While this would inflict less violence upon the statutory structure, it would be redundant. The federal regulations already make clear that the "changed circumstances" and "extraordinary circumstances" listed are not exhaustive. 8 C.F.R. § 1208.4(a)(4) & (5). The agency is free to consider other circumstances as long as they are "events or factors directly related to the failure to

BIA denials of tolling based upon extraordinary circumstances. This Court declines to adopt an interpretation of the asylum statutory scheme that reads 8 U.S.C. § 1158(a)(3) out of existence.

Second, any claim that Perez Lopez had for equitably tolling the statute of limitations was abandoned when he failed to raise it before the IJ or the BIA. Perez Lopez's original application stated that he did not file within the one-year period because he "did not have any person to give [him] advise [sic] at the time;" he "was afraid to be arrested by the [INS] and be deported;" and he "did not have the money to see an attorney who specialize [sic] on immigration matter [sic]." Perez Lopez does not identify any other circumstances to warrant equitable tolling except for a nonspecific reference to an ineffective assistance of counsel claim in a footnote in his briefing to this Court. His failure to raise these claims below—both the procedural and substantive tolling questions—means that he is unable to have them reviewed on appeal. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("Only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal.") (quotation marks omitted); *see also Suassuna v. INS*, 342 F.3d 579, 583 (6th Cir. 2003) (concluding that this Court lacked jurisdiction over an ineffective assistance of counsel claim because the petitioner failed to exhaust his administrative remedies by raising the claim before the BIA).

Finally, Perez Lopez would not be entitled to relief even if we did adopt his interpretation of the statute. The IJ looked past the untimely filing and considered the underlying merits of the asylum claim. *See* A.R. 46 ("The Court cannot say that the respondent was intentionally being

meet the" deadline. *Id.* § 1208.4(a)(5).

dishonest, however, the significant conflicts between his testimony and the I-589 in the judgment

of the Court rendered the respondent's testimony non-credible."). Therefore, because we agree with

the IJ's analysis, *see infra* Part II.B, Perez Lopez's claim fails even if he could equitably toll the

statute of limitation.

*B. Evidence Supporting the Immigration Judge's Decision*

The IJ determined that Perez Lopez was a non-credible witness, and that he failed to establish

eligibility for relief. On appeal, Perez Lopez argues that these determinations are not supported by

substantial evidence in the record.

"Where the BIA adopts the IJ's reasoning, [we review] the IJ's decision directly to determine

whether the decision of the BIA should be upheld on appeal." *Gilaj v. Gonzales*, 408 F.3d 275,

282-83 (6th Cir. 2005). The BIA's decision here adopted the reasoning of the IJ's decision in its

entirety. The IJ's determination must be upheld if "supported by reasonable, substantial, and

probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481

(1992) (quotation marks omitted).[4] To overcome this standard, Perez Lopez must show that the

evidence "not only supports a contrary conclusion, but indeed *compels* it," and as such, "that the

evidence presented was so compelling that no reasonable factfinder could fail to find the requisite

persecution or fear of persecution." *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003) (quotation

marks omitted). The adverse credibility determination must be based on issues that lie central to

---

[4]As Perez Lopez's application was filed in 2003, the more restrictive standard of review of the REAL ID Act of 2005 is inapplicable. *Perlaska v. Holder*, 361 F. App'x 655, 661 n.7 (6th Cir. 2010).

Perez Lopez's claim; it cannot be based on irrelevant inconsistencies. *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004).

The IJ based his credibility findings on a number of specific factors. First, Perez Lopez failed to offer detailed accounts of what happened while in Mexico. Second, he did not produce corroborating evidence. And third, and perhaps most importantly, the IJ focused on the numerous conflicts between Perez Lopez's testimony and his asylum application. These determinations find support in the record.

In his asylum application, Perez Lopez declared that the extortionists robbed him several times. But in his testimony, Perez Lopez never mentioned these robberies, and instead said that he gave them money only once. Further, the application stated that all of the extortion attempts occurred between 1990 and 1994. Yet, at the hearing before the IJ, Perez Lopez testified that the attempts occurred during the course of his business, which ran from 1993 to 1996. The IJ's credibility findings have support in the record.

In response, Perez Lopez points to the IJ's statement that he did not believe that Perez Lopez was being dishonest. But being honest and being credible are two different things. That the IJ did not find Perez Lopez dishonest does not speak to whether the demonstrated inconsistencies should be overlooked. And although Perez Lopez claims that his testimonial flaws resulted from the ineffective assistance of his hearing counsel, this Court cannot award relief predicated on a claim not properly before it.

Indeed, even if Perez Lopez did produce credible testimony, his claim would still fail. An applicant for asylum must show that he is unable or unwilling to return to his country "because of

9

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008) (quoting 8 U.S.C. § 1101(a)(42)(A)). Yet, this Court has repeatedly held that one's status as a business owner who refuses to pay extortion demands does not satisfy the burden to show that one is a member of a protected social group under the relevant statutes. *See Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011); *Lugovyj v. Holder*, 353 F. App'x 8, 10 (6th Cir. 2009); *Jelkovski v. Ashcroft*, 103 F. App'x 578, 579 (6th Cir. 2004). Accordingly, Perez Lopez is unable to establish that he is a refugee, a requirement for obtaining asylum. 8 U.S.C. § 1158(b)(1)(B)(i).

Perez Lopez's requests for withholding of removal and protection under the Convention Against Torture similarly fail. An applicant seeking withholding of removal bears the burden of establishing that "his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). To obtain relief under the Convention Against Torture an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). As Perez Lopez has failed to show either that he is a member of a protected social group or that he would suffer torture by the hands of government officials upon his return to Mexico, the IJ's decision must stand.

Case No. 12-3125
*Perez Lopez v. Holder*

### III. Conclusion

Undoubtedly, and tragically, there are serious problems currently plaguing Mexico and its citizens. Perez Lopez is unable to demonstrate, however, that the IJ's decision is unsupported by the record before us. We therefore DENY his petition for review.