NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0337n.06

No. 13-3828

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MELVIN REYES-CARDONA, | ) | |
| | ) | **FILED**<br>Apr 29, 2014<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

BEFORE:  MERRITT, COOK, and STRANCH, Circuit Judges.

PER CURIAM.   Melvin Reyes-Cardona, a citizen of Guatemala, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his applications for withholding of removal and protection under the Convention Against Torture (CAT).

Reyes-Cardona was born in Guatemala in 1975.  He entered the United States in 1998 without authorization and has remained here since that time.  He applied for the above relief, stating that he feared persecution if he returned to Guatemala.  He stated that a friend of his had killed a man, and the friend had later been killed by members of the deceased man's family in revenge.  These same people were allegedly looking for Reyes-Cardona, believing that he may have been involved in the original crime.  After a hearing, at which Reyes-Cardona was the sole witness, the IJ denied relief.  The IJ found that Reyes-Cardona was not credible, that he was not a member of a protected social group, that he had established only a personal dispute between

him and the murdered man's family, and that he had not shown he would be tortured in Guatemala. The BIA agreed with each of these findings and dismissed the appeal. Reyes-Cardona reasserts his arguments before this court.

Initially, Reyes-Cardona challenges the finding that his testimony was not credible. A credibility finding is reviewed under the substantial evidence standard, and will be reversed only if the record compels a contrary finding. *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). When evaluating credibility, an IJ should be sensitive to misunderstandings caused by language barriers, the use of translators, and cultural differences. *See Iao v. Gonzales*, 400 F.3d 530, 532 (7th Cir. 2005). Here, the IJ placed too much weight on the fact that witnesses described Reyes-Cardona and his friends as being "in" a bar that had only outdoor seating and on the possible contradiction regarding when Reyes-Cardona had last spoken to his friend Nerrie, especially as the IJ failed to address Reyes-Cardona's explanation for the inconsistency. *See N'Diom v. Gonzales*, 442 F.3d 494, 499 (6th Cir. 2006). However, the IJ correctly noted that Reyes-Cardona testified that he did not know if a police report was made concerning the killing of his friend, and that this was in direct contrast to his written statement saying that the killing had been reported but not solved. Moreover, the credibility finding was also based on the absence of corroborating evidence that Reyes-Cardona should have supplied. *See Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009). Based on the determination that Reyes-Cardona significantly lacked credibility, the IJ understandably required substantial corroboration. Even so, the IJ did not explain why particular corroborating evidence would be expected, and some of the missing corroboration identified by the IJ—namely the death certificate of a man whose name Reyes-Cardona did not know—could not reasonably be expected. The IJ correctly pointed out that a statement from his father failed to corroborate the fact that Reyes-Cardona's friend had been

killed by the original victim's family though admittedly the statement was too short to contain all relevant information. Still the record contains support for some of the bases of the adverse credibility finding and thus does not compel a different conclusion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that inconsistencies relevant to an adverse credibility finding need not "go[] to the heart of the applicant's claim").

Even if all of Reyes-Cardona's testimony were accepted, however, he still failed to establish eligibility for withholding or protection under the CAT. To be eligible for withholding, Reyes-Cardona had to establish a clear probability of persecution on account of a protected ground. *Zoarab v. Mukasey*, 524 F.3d 777, 782 (6th Cir. 2008). This requires showing that it is more likely than not that the applicant will be persecuted. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006). A denial of withholding relief will be upheld unless it is manifestly contrary to law. *Id.* Before the IJ, Reyes-Cardona stated that he was a member of a social group of victims of crime, which the IJ properly rejected. Before this court, Reyes-Cardona claims that he is a member of a group of witnesses to a public crime. We lack jurisdiction to consider this alleged social group because Reyes-Cardona failed to raise this argument before the IJ or the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004). As to whether victims of crime are a social group, the IJ properly concluded that Reyes-Cardona established only a personal dispute between himself and the family of his friend's victim, which is not a protected ground. *See Zoarab*, 524 F.3d at 781.

Reyes-Cardona also argues that the IJ rejected another proposed social group he identified, that of potential victims of crimes targeted on account of their perceived wealth as former inhabitants of the United States. This is also not a protected ground. *See Jutus v. Holder*, 723 F.3d 105, 111 (1st Cir. 2013); *Cristobal-Leon v. Holder*, 510 F. App's 397, 399 (6th Cir.

2013) (per curiam). Finally, Reyes-Cardona argues that this court has recently changed the definition of what constitutes a recognizable social group, citing *Umana-Ramos v. Holder*, 724 F.3d 667, 672 (6th Cir. 2013). However, that case does not purport to enunciate a change in the law, but instead restates earlier holdings that a social group is one perceived as such by the society, and not necessarily visually recognizable. Nothing in that case establishes that Reyes-Cardona is either a victim of crime or a target of persecution based on the non-protected ground of having lived in the United States.

In order to be eligible for protection under the CAT, Reyes-Cardona was required to show that it was more likely than not that he would be tortured by the government of Guatemala or with its acquiescence. *Amir v.* Gonzales, 467 F.3d 921, 927 (6th Cir. 2006). Again, a denial of protection under the CAT will be upheld unless manifestly contrary to law. *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir. 2001). In considering the torture risk to an applicant, the IJ should consider any evidence of past torture, and whether the applicant would be tortured in all areas of the country. *Id.* at 596-97. In this case, the IJ properly found that Reyes-Cardona had submitted no evidence of past torture, or of a likelihood of future torture committed or acquiesced to by the Guatemalan government anywhere in the country.

For all of the above reasons, the petition for review is denied.