NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0042n.06

Case No. 21-3472

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 25, 2022
DEBORAH S. HUNT, Clerk

JOSE ENMANUEL GIRON-GIRON, aka
Jose Emanuel Giron-Giron,

     Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

Before: SUTTON, Chief Judge; GUY and DONALD, Circuit Judges.

**RALPH B. GUY, JR., Circuit Judge.** Petitioner, a native and citizen of El Salvador, entered the United States unlawfully after two encounters with gang members. During removal proceedings, the Immigration Judge (IJ) denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Board of Immigration Appeals (BIA) affirmed, without an opinion. Because petitioner has not identified anything that compels a contrary result, the petition for review is denied.

**I.**

In May 2016, petitioner entered the United States through Texas without a valid entry document. Three months later, the Department of Homeland Security (DHS) served petitioner with a Notice to Appear (NTA) and filed it with the immigration court. Petitioner was charged in the NTA with removal from this country for failure to possess a valid entry document and travel

document at the time of application for admission, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). The NTA stated the place petitioner was to appear and noted that the date and time would be set later.

In August 2016, petitioner appeared before an IJ, without counsel. The IJ offered to continue the case to allow petitioner to retain counsel, but petitioner responded that he wished "to proceed [with] the case right now." During the hearing, petitioner admitted that he received the NTA and had entered this county unlawfully. The IJ thus sustained the charge of removal. Petitioner then applied for asylum and withholding of removal in October 2016.

Petitioner retained counsel and submitted an updated application in November 2016, adding a request for protection under the Convention against Torture (CAT). Petitioner then filed his written pleading, in which he conceded the charges against him. Petitioner submitted his second updated application for asylum, withholding of removal, and protection under the CAT in March 2019. In his application, petitioner represented that neither he nor any family members have ever been associated with a political party, student group, labor union, religious organization, military or paramilitary group, ethnic group, human rights group, or the media in El Salvador.

Nevertheless, at the hearing held on April 4, 2019, petitioner argued he was entitled to relief because he belonged to two social groups: (1) "persons who are prosperous in El Salvador"; and (2) "persons who resist[] the gangs in El Salvador." Before testifying, petitioner signed his application for relief.

Petitioner then testified about past threats and fear of future harm. When he lived in Ocoro, Morazon, El Salvador, he worked in mail and receiving at a store. He was paid $500 (USD) per month, which was more money than other people made in El Salvador. He testified that people in his community knew that he was "prosperous" because they would "watch [him] at work and [he]

had more things than other people," such as a motorcycle. As a result, petitioner explained that on two occasions, in March and April of 2016, gang members approached him on his way home from work, pointed a gun to his head, and threatened to kill him if he did not pay the gang members $100 per month. He allegedly went to the police in March of 2016, but a police report was not filed. To initiate the investigation process, the police asked petitioner for more information, such as names, pictures, telephone numbers, or the addresses where the gang members lived. Petitioner did not have any of that information, so he left and never returned to the police because, in his view, he "saw that they were not doing anything for [him]."

Because of the gang encounters, a doctor in El Salvador allegedly prescribed petitioner medication in April 2016. Petitioner paid the gang members for two months (March and April), and then fled to the United States in May 2016. Since leaving El Salvador, his family and former boss have allegedly told him that the gang members continue to look for him at his former job, and his family also reported that gang members have called his old telephone number. Petitioner claimed that he would be harmed if he returned to El Salvador because he did not continue to pay the gang.

At the end of the hearing, the IJ issued an oral decision denying the relief petitioner requested. First, the IJ found petitioner did not experience "persecution" in El Salvador. Second, the IJ found that, even if the "isolated threats" he received constitute persecution, the threats were not on account of his membership in a protected, cognizable group. Thus, although petitioner had a subjective fear of future persecution if he returned to El Salvador, the IJ concluded that his fear is not objectively reasonable. Third, the IJ found petitioner failed to show that, if removed to El Salvador, it is more likely than not that he will be tortured at the hands of the Salvadoran government or someone acting with their consent or acquiescence.

Petitioner appealed to the BIA. The BIA affirmed the IJ's decision without opinion in April 2021. *See* 8 C.F.R. § 1003.1(e)(4). The instant petition for review followed.

## II.

"Where the BIA affirms without opinion the decision of the IJ," as in this case, "this court directly reviews the decision of the IJ" as the final agency decision. *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). "Questions of law are reviewed de novo, but substantial deference is given to the BIA's interpretation of the [Immigration and Nationality Act (INA)] and accompanying regulations." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "[F]indings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In the end, we must uphold the immigration court's ultimate determination on the relief requested if it is supported by "substantial evidence." *Kukalo v. Holder*, 744 F.3d 395, 399-400 (6th Cir. 2011); *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). That is, we may reverse only if the decision was "manifestly contrary to law," 8 U.S.C. § 1252(b)(4)(C), such that "the evidence not only supports a contrary conclusion, but indeed *compels* it," *Haider v. Holder*, 595 F.3d 276, 281 (6th Cir. 2010) (cleaned up) (quoting *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003)).

## III.

### A.

*Asylum.* There is no basis for overturning the IJ's decision to deny petitioner asylum. To be eligible for asylum at the discretion of the Attorney General, the applicant must establish that

he is a "refugee." 8 U.S.C. § 1158(b)(1)(A)-(B)(i); *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005) (per curiam). A refugee is an alien who is "unable or unwilling to return to . . . [their] country because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 C.F.R. § 1208.13(b); *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). Petitioner relies on both past persecution and fear of future persecution. Neither theory is viable.

The IJ correctly concluded that petitioner did not experience past "persecution" in El Salvador. Persecution is "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Bonilla-Morales*, 607 F.3d at 1136 (quoting *Al-Ghorbani v. Holder*, 585 F.3d 980, 997 (6th Cir. 2009)). Because this case involves the conduct of non-governmental actors, i.e., gang members, petitioner was required to show that his alleged persecutors are "either aligned with the government or that the government is unwilling or unable to control" them. *Antonio v. Barr*, 959 F.3d 778, 793 (6th Cir. 2020) (citing *Khalili*, 557 F.3d at 436). The IJ, however, did not make a finding on the "unable or unwilling" issue. Although we must assume without deciding that the requirement is satisfied, *see Gonzales v. Thomas*, 547 U.S. 183, 186 (2006); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 318 (6th Cir. 2018), petitioner is not entitled to relief on two other grounds.

First, the threats petitioner experienced do not amount to persecution. "Persecution 'requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty.'" *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (quoting *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998)). Petitioner was threatened twice by gang members who demanded money, without

ever harming him. The two payments he made to the gang did not create "economic restrictions so severe that they constitute a real threat to life or freedom." *Ouda*, 324 F.3d at 454 (citation omitted). As we have held, a couple of "threats and requests for money" is not persecution. *Kukalo*, 744 F.3d at 400-01; *see also Bonilla-Morales*, 607 F.3d at 1137.

Second, petitioner's purported social groups—"persons who are prosperous in El Salvador" and "persons who resist[] the gangs in El Salvador"—are not "particular social group[s]" protected under 8 U.S.C. § 1101(a)(42)(A). A "particular social group" must satisfy three requirements: "(1) immutability (members must share an immutable characteristic), (2) particularity (the group has discrete and definable boundaries), and (3) social distinction (society actually perceives the purported group as a distinct class of persons)." *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019); *see Umaña-Ramos v. Holder*, 724 F.3d 667, 671 (6th Cir. 2013).

Petitioner has not offered any evidence that either of the two groups he proposes is perceived as a group by the Salvadoran society. *Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015); *Umaña-Ramos*, 724 F.3d at 674. And with respect to the first group, a nebulous term like "prosperous" can hardly "provide a clear benchmark for determining who falls within the group." *Matter of M- E- V- G*, 26 I. & N. Dec. 227, 239 (BIA 2014); *cf. Menijar*, 812 F.3d at 498. Indeed, we have held that "affluent Guatemalan[s]" who have "lived in the United States" is not a valid social group, *Esteban v. Holder*, 478 F. App'x 301, 303 (6th Cir. 2012), and we have repeatedly held that "perceived wealth is not considered a social group," *see, e.g.*, *Palokaj v. Holder*, 510 F. App'x 464, 468 (6th Cir. 2013); *Diaz-Hernandez v. Holder*, 635 F. App'x 159, 161 (6th Cir. 2015); *Reyes-Cardona v. Holder*, 565 F. App'x 366, 368 (6th Cir. 2014); *Cano-Huerta v. Holder*, 568 F. App'x 371, 373 (6th Cir. 2014).

The second purported social group is also specifically foreclosed, as we have already held that "mere defiance of unidentified thugs' extortion demands" does not make an applicant a member of a protected social group. *Khozhaynova v. Holder*, 641 F.3d 187, 195 (6th Cir. 2011) (quoting *Lugovyj v. Holder*, 353 F. App'x 8, 10 (6th Cir. 2009)); *see also Umaña-Ramos*, 724 F.3d at 673 (holding that "young Salvadorans who have been threatened because they refused to join the MS gang is not cognizable under the INA" (cleaned up)).

Petitioner has likewise failed to establish a well-founded fear of future persecution if he is returned to El Salvador. Without past persecution, petitioner must show that: (1) "he genuinely (subjectively) fears he will be persecuted based on a protected ground if returned to his native country"; and (2) "his fears are objectively reasonable." *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007). But petitioner has not done so because his fear of harm in returning to El Salvador is not on account of his membership in a "particular social group." 8 U.S.C. § 1101(a)(42)(A); *Umaña-Ramos*, 724 F.3d at 673; *Kukalo*, 744 F.3d at 400. Accordingly, the IJ's decision to deny petitioner's asylum application is not manifestly contrary to law.

**B.**

*Withholding of Removal.* Withholding of removal is mandatory if an alien shows that their "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also* 8 C.F.R. § 1208.16(b)(1)-(2); *Khalili*, 557 F.3d at 435. Again, any persecution petitioner might face upon removal is not because of his membership in any "particular social group." Thus, the IJ properly denied his claim for withholding of removal.

**C.**

*Protection under the CAT.* Petitioner fares no better in challenging the IJ's decision to deny him protection under the CAT. Such relief is available where an applicant can show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture, in any of its myriad manifestations, must entail the intentional infliction of severe mental or physical pain upon an individual by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Zheng v. Lynch*, 819 F.3d 287, 294-95 (6th Cir. 2016) (citation omitted); *accord* 8 C.F.R. § 1208.18(a)(1), (4)-(6). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

Here, there was no acquiescence on the part of the Salvadoran police. As the IJ noted, during petitioner's credible fear interview he stated that he did not have any problems with, or fear of, the Salvadoran police or government. Unlike asylum, any claim "[t]hat the Salvadoran government is unable to control the gangs does not constitute acquiescence." *Menijar*, 812 F.3d at 502 (collecting cases). And under the CAT, "it is not enough that [a] public official . . . recklessly disregarded the truth, or negligently failed to inquire." 8 C.F.R. § 1208.18(a)(7). That is especially important here where petitioner is the one who failed to provide the police with any information about the alleged extortionists, much less file a police report. Nothing compels reversal of the IJ's decision to deny petitioner relief.

**IV.**

Despite the foregoing, petitioner asserts a last-ditch argument urging dismissal of the entire removal proceedings. He argues for the first time that if the court declines to grant any of the forms of requested relief, then under *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), the court "should alternatively remand his proceedings for the purpose of rescinding the order of removal . . . and terminating his proceedings" for lack of jurisdiction because his NTA did not state the date and time of his first hearing. We have rejected a similar argument. *Rafael v. Garland*, 15 F.4th 797, 800-01 (6th Cir. 2021). But here, the issue is unreviewable because petitioner did not raise it before the BIA or the IJ. *Khalili*, 557 F.3d at 432-33; *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

\*       \*       \*

The petition for review is DENIED.