NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0314n.06

No. 13-4357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 25, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BRYAN EDUARDO MENDOZA-RODRIGUEZ, aka Bryan Mendoza, | ) ) ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE: SUHRHEINRICH, KETHLEDGE, and WHITE, Circuit Judges.

PER CURIAM. Bryan Eduardo Mendoza-Rodriguez, a.k.a. Bryan Mendoza, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Mendoza-Rodriguez is a native and citizen of Mexico. He became a lawful permanent resident of the United States in 2003. In 2009, Mendoza-Rodriguez was convicted of conspiracy to distribute and possess with intent to distribute cocaine and conspiracy to attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Admin. Record at 662). In 2012, the Department of Homeland Security instituted removal proceedings against Mendoza-Rodriguez on the basis of his drug convictions (A.R. at 660).

Mendoza-Rodriguez filed an application for asylum, withholding of removal, and relief under the CAT, alleging that if he is returned to Mexico, he will be harmed or killed by the Zetas

drug cartel in retaliation for perceived cooperation with law enforcement (A.R. at 608-16). Mendoza-Rodriguez testified that his uncle, who was affiliated with the Zetas, told Mendoza-Rodriguez after his arrest not to "snitch" on gang members and "it better not be true, what I'm hearing because it'll go bad for everybody." (A.R. 162). While in federal prison, a rumor spread among the Mexican inmates that Mendoza-Rodriguez had informed on his codefendant, who Mendoza-Rodriguez testified was a member of the Zetas. (A.R. 167, 172–73). Mendoza-Rodriguez was told by several prisoners that the Zetas know he "snitched" and plan to "get" him when he is deported. (A.R. 166, 173, 176, 183). Mendoza-Rodriguez had to be placed in a special housing unit for his own protection. (A.R. 179, 186–87, 190–91, 195). Mendoza-Rodriguez's uncle was subsequently kidnapped and killed by the Zetas. (A.R. 154). Mendoza-Rodriguez's mother testified that when she went to Mexico in 2012 to look for Mendoza-Rodriguez's uncle, she was approached by three unknown men who told her to stop inquiring about the uncle and that they knew Mendoza-Rodriguez was in prison and would be released soon. (A.R. 282–83). The parties subsequently agreed, however, that, because of his drug convictions, Mendoza-Rodriguez was not eligible for asylum or withholding of removal (A.R. at 62-64). Mendoza-Rodriguez also moved to change venue to Texas because that is where he had lived most of his life and that is where his family and witnesses were located (A.R. at 122, 148). That motion was denied. (A.R. 122, 148).

The IJ denied Mendoza-Rodriguez's request for deferral of removal under the CAT. Although the IJ determined that Mendoza-Rodriguez established that it is more likely than not that the Zeta cartel believes he served as an informant and will torture or kill him in retaliation for informing on cartel members, the IJ concluded that Mendoza-Rodriguez failed to show that he was unable to safely relocate anywhere in Mexico and that he would be tortured with the

consent or acquiescence of a public official (A.R. at 50-68). The BIA affirmed the IJ's decision (A.R. at 3-4).

On appeal, Mendoza-Rodriguez argues that the denial of his motion to change venue was improper and that the IJ and BIA erred by concluding that he failed to establish entitlement to deferral of removal under the CAT. Because Mendoza-Rodriguez appeals from a final order of removal that is based on his commission of a criminal offense under 8 U.S.C. § 1227(a)(2)(B)(i), our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Shewchun v. Holder*, 658 F.3d 557, 561 (6th Cir. 2011). Questions of law include matters of statutory construction, *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006), and whether the BIA employed the correct standard of review and burden of proof, *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006). In contrast, whether the BIA correctly considered, interpreted, and weighed the evidence presented is a discretionary or factual question that is not subject to review. *Id.* Likewise, claims that at bottom rely only on contesting factual determinations rather than on statutory construction or a constitutional claim, including claims that an IJ failed to emphasize certain factors in a petitioner's case, are not subject to review. *Arestov v. Holder*, 489 F. App'x 911, 916 (6th Cir. 2012) (citing *Ettienne v. Holder*, 659 F.3d 513, 518 (6th Cir. 2011)).

We lack jurisdiction to review Mendoza-Rodriguez's challenge to the BIA's denial of relief under the CAT because his argument that he made the showing necessary to obtain relief does not present a constitutional claim or question of law.[1] Rather, Mendoza-Rodriguez

---

[1]In his reply brief, petitioner incorrectly asserts that the BIA failed to state the applicable standard of review or apply the correct burden of proof. The BIA clearly stated the correct standard of review pursuant to 8 C.F.R. § 1003.1(d)(3), reviewing the IJ's findings of fact for clear error and questions of law, discretion, judgment, and all other issues de novo. Similarly,

effectively challenges only whether the BIA properly considered and weighed the evidence concerning whether he could safely relocate somewhere in Mexico[2] and whether a public official would consent or acquiesce to his torture.[3] *See Arestov*, 489 F. App'x at 917 (holding CAT appeal was, at bottom, simply a challenge to the agency's weighing of the evidence because the claim was not based on the IJ's purported adverse credibility finding or on a legal error in the applicable standard for relief under CAT).[4]

---

the BIA also applied the correct burden of proof, holding Mendoza-Rodriguez failed to establish it was "more likely than not" there was nowhere in Mexico he could live and not be located by members of the Zeta cartel or that he would be tortured at the instigation of or with the consent or acquiescence of Mexican officials or persons acting in an official capacity upon his removal to Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2)–(3), 1208.18(a)(1); (A.R. at 7-8).

[2] In considering whether it is more likely than not that an alien would be subject to torture were he returned to the country of removal, all evidence related to the chance of future torture should be assessed, including, but not limited to: i) Evidence of past torture inflicted upon the applicant; ii) *Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured*; iii) Evidence of gross, flagrant, or mass violations of human rights within the country of removal, where applicable; and iv) Other relevant information regarding conditions in the country of removal. 8 C.F.R. § 208.16(c)(3) (emphasis added).

[3] "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, *when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity*." 8 C.F.R. § 1208.18(a)(1) (emphasis added).

[4] Mendoza-Rodriguez cites to *Mostafa v. Ashcroft*, 395 F.3d 622 (6th Cir. 2005), for the proposition that the BIA and IJ failed to consider evidence of the conditions in Mexico. However, that case addressed a BIA determination that did not include any consideration of evidence of country conditions in Iran, and thus failed to apply the applicable legal precedent. *Id*. at 625–26. Here, the IJ and BIA considered evidence of country conditions in Mexico but held that there were areas of Mexico where the Zeta cartel has little or no presence. Mendoza-Rodriguez challenges not the legal standard, but whether the BIA correctly considered, interpreted, and weighed the evidence presented. Similarly, Mendoza-Rodriguez's reliance on this Court's unpublished order in *Gray v. Holder*, No 11-4061, Order (6th Cir. Nov. 9, 2012) (unpublished) is misplaced. (A.R. 33–37). That case held that reports documenting police corruption and failure to protect citizens from violent crimes, standing alone, do not compel a finding that the government would acquiesce in torture carried out by drug traffickers. This Court held, however, that in combination with Gray's specific allegations that the Jamaican

To the extent that Mendoza-Rodriguez presents a reviewable challenge to the denial of his motion to change venue, the challenge fails because he has not shown that the denial of the motion affected the outcome of his removal proceedings or rendered the proceedings fundamentally unfair. *See Dugboe v. Holder*, 644 F.3d 462, 471 (6th Cir. 2011) (holding Dugboe failed to establish prejudice where any inconvenience did not affect the outcome or fairness of the proceeding); *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005). At his hearing, Mendoza-Rodriguez was able to present his own testimony, the testimony of his mother, and a considerable amount of documentary evidence. Although Mendoza-Rodriguez argues he was only able to call one witness and was prejudiced because he could not present other witnesses to support his claim, the IJ and BIA reviewed written statements from Mendoza-Rodriguez's family and an expert in criminal politics in support of his application for protection. (A.R. 326–367). He has not identified other witnesses he wished to call, set forth how their testimony would have affected the outcome of his case, or explained why the witnesses could not submit written statements in support of his application.

Accordingly, we dismiss in part and deny in part the petition for review.

---

police were corrupt and working with men searching for the petitioner, the reports lent credence to petitioner's claim that police would turn a blind eye to the torture of the petitioner. *Id.* at 5. In the instant case, Mendoza-Rodriguez has not made any specific allegations that members of the Mexican military are working with members of the Zetas who he fears will harm him. Rather, he has presented only reports documenting corruption in Mexico, which do not, standing alone, compel a finding that Mexican officials would consent or acquiesce to his torture.