NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0853n.06

No. 14-3020

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 13, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LUIS MIGUEL SALINAS-RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE: SILER, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. Luis Miguel Salinas-Ramirez, a citizen of Mexico, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Salinas-Ramirez entered the United States from Mexico in 2005, at the age of fifteen. After being placed in removal proceedings, he applied for the above relief in 2011. A hearing was held before an IJ, at which Salinas-Ramirez and his brother testified that he would be in danger from criminals in Mexico based on his perceived wealth as a person who has lived in the United States or has family members living in the United States. All of Salinas-Ramirez's siblings live in the United States, and his father also lived here for a time. The brothers testified that two of Salinas-Ramirez's brothers were approached by men with machetes while driving to their village, but did not stop their car; that a friend from the village who had lived in the United

States was kidnapped when he returned to Mexico in 2010; and that their mother had her home burglarized in 2012. The IJ denied the applications for asylum, withholding of removal, and protection under the CAT, but granted Salinas-Ramirez's request for voluntary departure, finding that the asylum application was untimely and all of the claims for relief failed on the merits. The BIA agreed with the IJ's findings and dismissed Salinas-Ramirez's appeal. We denied Salinas-Ramirez's motion for a stay of removal.

In his brief before this court, Salinas-Ramirez argues that his asylum application was timely due to changed country conditions, relying on this court's decision in *Mandebvu v. Holder*, 755 F.3d 417, 428 (6th Cir. 2014). However, we need not reach this issue because the IJ also denied the asylum application on the merits. Salinas-Ramirez also reasserts his arguments that he is eligible for asylum, withholding of removal, and protection under the CAT.

We may grant a petition for review of a decision denying asylum relief only where the evidence is so compelling that no reasonable factfinder could fail to find the applicant entitled to relief. *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). In order to be eligible for asylum, Salinas-Ramirez had the burden of demonstrating that he would be subject to persecution if he returned to Mexico, based on his membership in the social group he defined as people who are perceived to be wealthy because they lived in the United States or had relatives living in the United States, and would therefore be the target of criminal activity. *See Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). Unfortunately for Salinas-Ramirez, the courts have held that criminal exploitation motivated by the perceived wealth of former inhabitants of the United States is not persecution based on a protected ground. *See, e.g., Jutus v. Holder*, 723 F.3d 105, 111 (1st Cir. 2013); *Cristobal-Leon v. Holder*, 510 F. App'x 397, 399 (6th Cir.

2013) (per curiam); *Esteban v. Holder*, 478 F. App'x 301, 303 (6th Cir. 2012) (per curiam); *Lopez-Castro v. Holder*, 577 F.3d 49, 54 (1st Cir. 2009).

Because Salinas-Ramirez failed to establish eligibility for asylum, he also necessarily failed to establish eligibility for withholding of removal. *See Kaba v. Mukasey*, 546 F.3d 741, 751 (6th Cir. 2008). Finally, his speculative claim that he is entitled to protection under the CAT fails because he has presented no evidence that it is more likely than not that he will be tortured upon his return to Mexico. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155-56 (6th Cir. 2010).

Accordingly, we deny the petition for review.