RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0293p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

FRANCISCA SANCHEZ-ROBLES,

                        *Petitioner,*

    *v.*

LORETTA E. LYNCH, Attorney General,

                        *Respondent.*

No. 15-3252

On Petition for Review from a Final Order
of the Board of Immigration Appeals
No. A200-662-040.

Decided and Filed:  December 17, 2015

Before: SILER, GIBBONS, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Michael E. Kreis, KREIS & SYKES, PLLC, Memphis, Tennessee, for Petitioner. Theodore C. Hirt, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. Francisca Sanchez-Robles, a Mexican citizen, appeals the Board of Immigration Appeals' ("BIA") denial of her application for withholding of removal.  Sanchez-Robles claims she will be persecuted if she returns to Mexico based on her membership in a particular social group—those perceived as wealthy because of their ties to the United States.  This court has repeatedly found that those perceived as wealthy do not comprise a

1

cognizable social group under the Immigration and Nationality Act ("INA"), and, thus, we affirm the BIA's denial of Sanchez-Robles's application for withholding of removal.

**I.**

Francisca Sanchez-Robles is a native and citizen of Mexico.  She is married and has four children, all of whom were born in Mexico.  In 2003, Sanchez-Robles left her hometown of Cherán, Michoacán with her four children and illegally entered the United States.  Her husband, who does not have legal status in the United States, has traveled back and forth between Mexico and the United States multiple times.

On August 29, 2010, Sanchez-Robles was arrested for shoplifting, and the following day she was convicted of theft of property under $500, a Class A misdemeanor that carries a maximum potential punishment of eleven months and twenty-nine days.  *See* Tenn. Code. Ann. §§ 39-14-105(a)(1), 40–35–111(e)(1).  She was sentenced to three days in jail.  Shortly after her conviction, the Department of Homeland Security served Sanchez-Robles with a notice to appear charging her as subject to removal.

At a May 25, 2011, hearing, Sanchez-Robles, through counsel, admitted that she had illegally entered the United States, and at a January 4, 2012 hearing, her counsel conceded her removability based on her conviction for petty theft.  The same day, Sanchez-Robles filed an application for withholding of removal. In her application, she again admitted her conviction and disclosed that she served three days in jail.

At her merits hearing, Sanchez-Robles' counsel argued that she had a well-founded fear of future persecution based on her status as a "Mexican returnee[] who spent both significant time in, and has familial ties to [] the United States."  R. at 99, ECF No. 8.  In support of her arguments, Sanchez-Robles testified that in 2002 she received two threatening phone calls, in which callers claimed to have kidnapped her husband and demanded money for his safe return. While Sanchez-Robles knew her husband was safe at the time, she contended that the calls increased her fear of returning to Mexico. Sanchez-Robles also averred that her mother received phone calls from individuals claiming to have kidnapped Sanchez-Robles and her siblings and demanding money for their return.  Neither Sanchez-Robles nor her mother complied with the

callers' requests and neither was harmed as a result. Sanchez-Robles also testified and presented evidence that her hometown of Cherán has endured a long conflict with organized crime. She stated that a criminal organization illegally harvested the town's lumber and that, in 2011, her cousin was shot in the eye during one of the armed conflicts between town residents and the gang.

Following the merits hearing, the Immigration Judge determined that Sanchez-Robles was not eligible for withholding of removal, explaining that she had not established a "clear probability" of persecution on the basis of membership in a protected group. The judge observed that the BIA and various courts of appeals have found that "there is no particular social group consisting of nationals of a particular country who return to that country with the perception that they are wealthy." R. at 58, ECF No. 8. The BIA affirmed the Immigration Judge's decision. It found that Sanchez-Robles had not established membership in a cognizable social group because her proposed group could not "be meaningfully distinguished from other individuals in the general populace who might be targeted by criminals." R. at 11, ECF No. 8. The Board further noted that fear of the general conditions of crime and violence in Mexico cannot support an application for withholding.

## II.

As threshold matter, the government contends that we do not have jurisdiction over Sanchez-Robles's appeal because she conceded her removability based on her conviction for petty theft at an earlier agency proceeding.

Congress enacted a jurisdiction-stripping provision in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, § 306, 110 Stat. 3009–546, 3009–307, which strips courts of jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in sections 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1252(a)(2)(C). However, this limitation does not extend to constitutional questions or issues of law, which may be reviewed in such cases, pursuant to § 1252(a)(2)(D). We have construed § 1252(a)(2)(C)'s jurisdiction stripping provision broadly, holding that it bars our jurisdiction any time an individual is removable on the basis of their criminal convictions, even in cases like this where

the final order of removability rests on different grounds. *See Ventura-Reyes v. Lynch*, 797 F.3d 348, 357–58 (6th Cir. 2015) (noting that an "accurate reading of the statute is one where the jurisdictional bar is applied to any order of removal 'against an alien who is *removable* by reason of having committed' a relevant crime") (citations omitted).

At a January 2012 hearing before the Immigration Judge, Sanchez-Robles's counsel conceded that her conviction rendered her removable under § 212(a)(2) of the INA (8 U.S.C. § 1182(a)(2)). However, because the maximum penalty for Sanchez-Robles's petty-theft conviction did not exceed one year, and because she was only sentenced to three days in jail, her crime falls into the "petty offense" exception to removability under 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Despite the applicability of this exception, Sanchez-Robles's counsel conceded her removability, failed to challenge her removability on this ground at later agency proceedings, and failed to raise the issue on appeal. Because Sanchez-Robles failed to challenge her removability before the BIA and before this court, the issue is waived.[1] *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1155 (6th Cir. 2010); *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 n.4 (6th Cir. 2009). Therefore, § 1252(a)(2)(C) and (D) apply, and we may only review constitutional issues and questions of law raised on appeal. The question is whether Sanchez-Robles asserts legal or factual challenges to the BIA's decision.

Whether a particular social group is cognizable under the INA is a question of law, and we have jurisdiction to review this portion of the BIA's decision. *See Arestov v. Holder*, 489 F. App'x 911, 917 n.4 (6th Cir. 2012) ("[Appellant's] claim with respect to what constitutes a particular social group presents a question of law over which we do have jurisdiction"); *Mulla v. Holder*, 462 F. App'x 592, 594 (6th Cir. 2012) (noting that the question of whether publically exposed confidential informants comprised a particular social group was a "legal issue"). The statutory phrase "particular social group" is undefined, which necessarily requires the BIA and this court to interpret the phrase, *see, e.g.*, *Umana-Ramos v. Holder*, 724 F.3d 667, 671 (6th Cir.

---

[1]This court has relieved individuals in removal proceedings from their attorney's concessions in situations where "they can show ineffective assistance of counsel or some other egregious circumstances." *Hanna v. Holder*, 740 F.3d 379, 387 (6th Cir. 2014) (citations omitted). However, such relief is not appropriate in this case. As a threshold matter, Sanchez-Robles was required to assert that her attorney's prior concession was incorrect and to bolster her argument with record evidence. *Id.* at 387–88. Sanchez-Robles does not address this issue at all. In fact, only the government's brief mentions the applicability of the "petty offense" exception. Therefore, we cannot relieve her from her counsel's prior concession as to her removability.

2013); *Urbina-Mejia v. Holder*, 597 F.3d 360, 365–66 (6th Cir. 2010), and "[w]here our decision requires resolution of a contested interpretation of language in the statute or the regulations, the appeal will fall within our jurisdiction." *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011); *see also Almuhtaseb v. Gonzales*, 453 F.3d 743, 747–48 (6th Cir. 2006) (finding that "matters of statutory construction" were within our jurisdiction under § 1252(a)(2)(D)).

The government attempts to sidestep our review by arguing that the thrust of Sanchez-Robles's appeal is a challenge to the BIA's fact-based conclusion that her proposed social group lacks visibility and particularity. Although determining whether a particular social group is sufficiently visible or narrow can be factual in nature, a review of both the Immigration Judge's and the BIA's decisions shows that they were not as much the product of factual analysis as they were the application of the clear precedents of this court and the BIA.

For instance, the Immigration Judge noted that "the Board of Immigration Appeals and various Courts of Appeal have held that there is no particular social group consisting of nationals of a particular country who return to that country with the perception that they are wealthy" and that the BIA "has held that there is no particular social group consisting of affluent Guatemalans." R. at 58–59, ECF No. 8. Likewise, the BIA's opinion concluded "that the respondent's claim that she would be targeted for extortion or other crime as an individual who is perceived to have access to money because she is returning to Mexico from the United States does not establish membership in a cognizable particular social group." R. at 11, ECF No. 8. The Board further opined that Sanchez-Robles's proposed group could not be "meaningfully distinguished from other individuals in the general populace" and that "[g]eneral conditions of crime and violence that affect the populace as a whole will not support an application for withholding." *Id.* These are legal conclusions, which do not involve the facts of Sanchez-Robles's particular case, and thus we have jurisdiction pursuant to § 1252(a)(2)(D).

## III.

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, . . . we review the BIA's opinion as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (citing *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)). However, to the extent the BIA adopted the immigration judge's reasoning, this court

also reviews the immigration judge's decision. *Id.* (citation omitted). Questions of law are reviewed *de novo*, but we give substantial deference to the BIA's interpretation of the INA and accompanying regulations. *Morgan*, 507 F.3d at 1057.

Sanchez-Robles asserts that her proposed social group—"persons who are perceived to have money or access to money due to having spent a significant amount of time in and having familial ties to the United States" Pet'r's Br. at 5, ECF No. 12.—is cognizable under the INA. In a series of recent cases, we have confronted the same argument and repeatedly rejected the position that individuals returning from the United States to their home countries comprise a particular social group. For example, in *Diaz-Hernandez v. Holder*, we stated:

> Diaz-Hernandez defines his social group, the *norteros,* as people who are perceived as wealthy because they worked in the United States and returned to Mexico. We have consistently held that those who are perceived as wealthy do not constitute a particular social group. *Reyes-Cardona v. Holder,* 565 F. App'x 366 (6th Cir. 2014) (holding former inhabitants of the United States perceived as wealthy did not constitute a social group); *Cano-Huerta v. Holder,* 568 F. App'x 371 (6th Cir. 2014) (same); *Palokaj v. Holder,* 510 F. App'x 464 (6th Cir. 2013) (holding that perceived wealth is not a social group). In light of these decisions, Diaz-Hernandez has not shown that he is part of a cognizable social group under the INA, and therefore, he is ineligible for withholding of removal.

No. 14-3429, 2015 WL 542929, at *2 (6th Cir. Feb. 11, 2015). Likewise, in *Salinas-Ramirez v. Holder*, the court concluded that "criminal exploitation motivated by the perceived wealth of former inhabitants of the United States is not persecution based on a protected ground." 582 F. App'x 658, 659 (6th Cir. 2014) (per curiam) (citing *Justus v. Holder*, 723 F.3d 105, 111 (1st Cir. 2013); *Cristobal-Leon v. Holder*, 510 F. App'x 397, 399 (6th Cir. 2013) (per curiam); *Esteban v. Holder,* 478 F. App'x 301, 303 (6th Cir. 2012) (per curiam); *Lopez-Castro v. Holder,* 577 F.3d 49, 54 (1st Cir. 2009)). Sanchez-Robles attempts to distinguish her social group by arguing that she belongs to a group that is perceived not necessarily as wealthy but as having ready access to funds because of familial ties in the United States. This is a distinction without a difference. As in prior arguments rejected by this court, the heart of Sanchez-Robles's theory is the assumption that she will be the target of persecution for economic gain. The BIA did not commit legal error in finding that Sanchez-Robles does not belong to a particular social group.

**IV.**

As an additional aspect of her appeal, Sanchez-Robles contends that she has met her burden to show that she will be persecuted if she returns to Mexico. To be eligible for withholding of removal under the INA, Sanchez-Robles is required to show a "'clear probability,' that is, that 'it is more likely than not' [that she] would be subject to persecution" based on her membership in a particular social group. *Almuhtaseb*, 453 F.3d at 749 (citation omitted). The fact that Sanchez-Robles does not belong to a particular social group is sufficient to defeat this claim, but we also point out that her argument presents a factual challenge over which we have no jurisdiction. When §§ 1252(a)(2)(C) and (D) apply, "objections to the agency's weighing of the facts [are] not within our jurisdiction to review." *Ettienne*, 659 F.3d at 519; *see also Mendoza-Rodriguez v. Holder*, 564 F. App'x 222, 224 (6th Cir. 2014) ("We lack jurisdiction to review Mendoza-Rodriguez's challenge to the BIA's denial of relief under the CAT because his argument that he made the showing necessary to obtain relief does not present a constitutional claim or question of law").

**V.**

For the foregoing reasons, we deny the petition for review of Sanchez-Robles's application for withholding of removal.