NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0109n.06

No. 20-3583

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 01, 2021
DEBORAH S. HUNT, Clerk

NOE RAYON-AQUINO,

    Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

Before: STRANCH, LARSEN, and NALBANDIAN, Circuit Judges.

LARSEN, Circuit Judge. Noe Rayon-Aquino, a native and citizen of Mexico, was ordered removed from the United States. An Immigration Judge (IJ) denied his application for withholding of removal, and the Board of Immigration Appeals (BIA) affirmed. Rayon-Aquino now seeks review of the BIA's decision. For the reasons below, we DENY the petition for review.

I.

Noe Rayon-Aquino was born in Mexico in 1988. Starting when he was about eight years old, his stepfather physically and verbally abused him and would often deny him food. Rayon-Aquino moved in with his grandparents when he was about eleven. Unfortunately, Rayon-Aquino's grandfather also proved to be physically and verbally abusive toward him.

Rayon-Aquino fled to the United States after a series of encounters with the Zetas cartel during his teenage years. The Zetas murdered his grandfather. Then, they threatened to kill

Rayon-Aquino and his grandmother if he did not give them the title to his grandparents' land. His grandmother still owns the land but continues to receive threats from the Zetas. Rayon-Aquino, for his part, left Mexico and entered the United States without inspection around April 2006, about six months after the last time the Zetas threatened him.

In 2013, the Department of Homeland Security began removal proceedings and issued Rayon-Aquino a notice to appear. Rayon-Aquino conceded removability but filed an application for withholding of removal and for relief under the Convention Against Torture (CAT). He initially raised two claims for withholding of removal under 8 U.S.C. § 1231(b)(3): one based on the abuse that he suffered from family members during childhood and another based on the threats that he received from the Zetas. The IJ denied Rayon-Aquino's application for relief and ordered him removed. Rayon-Aquino appealed the denial of his withholding claim related to child abuse. The BIA issued its own opinion and affirmed the IJ's decision.[1] Rayon-Aquino now brings a timely petition for review.

II.

When the BIA issues its own opinion, rather than summarily affirming the IJ's decision, "we review the BIA's opinion as the final agency determination." *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015) (quoting *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009)). We review questions of law de novo but give "substantial deference to the BIA's interpretation of the [Immigration and Nationality Act] and accompanying regulations." *Id.* We review factual findings for substantial evidence. *Gaye v. Lynch*, 788 F.3d 519, 525 (6th Cir. 2015).

---

[1] The BIA determined that Rayon-Aquino had forfeited his claim for relief under the CAT and his claim for withholding of removal based on fear of persecution from the Zetas. The BIA explained that Rayon-Aquino had not meaningfully contested the IJ's decision on those two issues. *See Suarez-Diaz v. Holder*, 771 F.3d 935, 945 (6th Cir. 2014). Rayon-Aquino does not challenge the BIA's conclusion that he forfeited these claims.

To qualify for withholding of removal, Rayon-Aquino must show that he faces a clear probability of persecution if removed to Mexico and that one reason for the persecution would be his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); *Guzman-Vazquez v. Barr*, 959 F.3d 253, 274 (6th Cir. 2020). "If the applicant is determined to have suffered past persecution in the proposed country of removal on account of" a protected ground, it is presumed that such threat would arise again upon removal. 8 C.F.R. § 208.16(b)(1)(i). But "[t]his presumption may be rebutted if an . . . immigration judge finds by a preponderance of the evidence" that "[t]here has been a fundamental change in circumstances such that" no threat of persecution based on a protected ground persists or that the applicant could avoid such a threat "by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 208.16(b)(1)(i)(A)–(B).

Before the IJ, Rayon-Aquino argued that his stepfather and grandfather persecuted him because of his membership in various proposed social groups, which were all "based on the social status of Mexican children, especially those who have been abandoned by their parents and left in the care of other adults." He also submitted country conditions evidence to the IJ, which Rayon-Aquino says illuminated "the broader social context of systemic violence and subordination of children in Mexico."

The IJ found that Rayon-Aquino had suffered abuse rising to the level of persecution in Mexico. But there were several impediments to relief. Rayon-Aquino's proposed social groups were not cognizable. And even if they were, said the IJ, Rayon-Aquino's group membership had not been a reason for his stepfather's and grandfather's abusive behavior. Rather, they abused him due to their own general criminal tendencies. Consequently, in the IJ's view, no presumption of

future persecution applied. *See* 8 C.F.R. § 208.16(b)(1)(i). Moreover, even if such a presumption did apply, the IJ found that there had been a "fundamental change in circumstances" sufficient to rebut the presumption. *See id.* § 208.16(b)(1)(i)(A). Rayon-Aquino was in his late twenties at the time of the IJ's decision and was no longer a member of the proposed social groups composed of children. Additionally, Rayon-Aquino's grandfather is deceased, and he has no contact with his stepfather. For all these reasons, Rayon-Aquino did not face a sufficient likelihood of future persecution if removed to Mexico.

Before the BIA, Rayon-Aquino had many hurdles to overcome, yet his counseled brief almost exclusively focused on his argument that the IJ had failed to consider the country conditions evidence adequately when determining whether the proposed social groups were cognizable. The BIA determined that Rayon-Aquino had failed to "meaningfully contest the [IJ]'s finding that he did not establish that his stepfather and grandfather harmed him on account of his membership in a particular social group, that the government of Mexico was unable or unwilling to protect him from his grandfather or stepfather, that he did not meet his burden of proof to establish that he would suffer harm upon his return to Mexico, or that he could not internally relocate to avoid harm." Because of Rayon-Aquino's failure to challenge these dispositive aspects of the IJ's decision, any one of which was fatal to his claim, the BIA declined to address Rayon-Aquino's argument regarding the country conditions evidence.

Rayon-Aquino now asserts that the BIA's decision not to address his country conditions argument rendered its opinion incapable of meaningful judicial review. We disagree. To be certain, the BIA must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Trujillo Diaz v. Sessions*, 880 F.3d 244, 255 (6th Cir. 2018) (quoting *Scorteanu v. I.N.S.*, 339 F.3d 407,

412 (6th Cir. 2003)). But the BIA did just that. The BIA identified several dispositive reasons for the IJ's decision and determined that Rayon-Aquino had failed to contest them in anything more than a perfunctory manner. *See Suarez-Diaz*, 771 F.3d at 945 (explaining that arguments not supported with "some effort at developed argumentation" are forfeited (quotation omitted)). Rayon-Aquino's failure to contest the IJ's independently dispositive findings was fatal to his administrative appeal, and the BIA explained this adequately. The BIA was not required to "needlessly discuss documents on points of fact not material to its decision," such as the country conditions evidence here. *Zhang v. Mukasey*, 543 F.3d 851, 855 (6th Cir. 2008); *see also I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Before us, Rayon-Aquino renews his country conditions argument. We cannot entertain that argument because the BIA did not address it; we only have jurisdiction to review "claims 'properly presented to the BIA *and considered on their merits*.'" *Tomaszczuk v. Whitaker*, 909 F.3d 159, 167 (6th Cir. 2018) (emphasis added) (quoting *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)); *see* 8 U.S.C. § 1252(d)(1). Even if we could, it would do Rayon-Aquino no good—the unchallenged, independently dispositive holdings require us to deny his petition. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1154–55 (6th Cir. 2010).

\* \* \*

For these reasons, we DENY the petition for review.