NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0215n.06

No. 20-3634

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 22, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANICETO VEGA-GUTIERREZ, aka Aniceto Vega Gutierrez, | ) ) ) |
| Petitioner, | ) ON PETITION FOR REVIEW |
| | ) FROM THE UNITED STATES |
| v. | ) BOARD OF IMMIGRATION |
| | ) APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) |
| | ) |
| Respondent. | ) |

BEFORE: COLE, Chief Judge; CLAY and GRIFFIN, Circuit Judges.

PER CURIAM. Aniceto Vega-Gutierrez petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his application for withholding of removal. As set forth below, we **DENY** the petition for review.

Vega-Gutierrez, a native and citizen of Mexico, entered the United States without inspection in March 2002. In July 2012, following Vega-Gutierrez's arrest for driving under the influence of alcohol, the Department of Homeland Security served him with a notice to appear in removal proceedings, charging him with removal as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, Vega-Gutierrez admitted the factual allegations in the notice to appear and conceded removability as charged. Vega-Gutierrez subsequently filed an application for withholding of removal based on his membership in a particular social group, asserting that criminals in Mexico kidnap and even kill persons returning from the United States because it is believed they have money.

At the hearing on the merits of Vega-Gutierrez's application, the immigration judge (IJ) confirmed that his particular social group was "returnees from the United States" and that he was aware of this court's decision in *Sanchez-Robles v. Lynch*, 808 F.3d 688 (6th Cir. 2015), foreclosing that particular social group. After Vega-Gutierrez testified and counsel addressed *Sanchez-Robles*, the IJ denied the application for withholding of removal. The IJ found that Vega-Gutierrez had testified credibly but noted that he had failed to provide any corroboration in support of his application. According to the IJ, Vega-Gutierrez had failed to demonstrate past persecution and therefore was not entitled to a presumption of future persecution. With respect to future persecution, the IJ determined, Vega-Gutierrez had failed to establish that the Mexican government is unable or unwilling to assist him; that his proposed social group is cognizable in light of *Sanchez-Robles*; that, even if his proposed social group were cognizable, there would be a nexus between his membership in that group and his feared persecution; or that he could not relocate within Mexico.

Vega-Gutierrez appealed the IJ's decision denying his application for withholding of removal. The BIA affirmed the IJ's decision without opinion.

This timely petition for review followed. Vega-Gutierrez argues that he satisfied his burden of proof for withholding of removal, asserting that he has an objectively reasonable fear of returning to Mexico, that the Mexican government cannot protect him, and that, even if he relocated, he would still be at risk for persecution.

Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Hassan v. Gonzales*, 403 F.3d 429, 433 (6th Cir. 2005). "Questions of law are reviewed de novo, but substantial deference is given to the [agency's] interpretation of the [Immigration and Nationality Act] and accompanying regulations." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings for

substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

To qualify for withholding of removal, Vega-Gutierrez must show a "clear probability" that, if removed to Mexico, his "life or freedom would be threatened in that country because of [his] . . . membership in a particular social group." *Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015) (alterations in original) (first quoting *Kouljinski v. Keisler*, 505 F.3d 534, 544 (6th Cir. 2007); then quoting 8 U.S.C. § 1231(b)(3)(A)). "A 'particular social group' must meet three criteria: (1) immutability (members must share an immutable characteristic), (2) particularity (the group has discrete and definable boundaries), and (3) social distinction (society actually perceives the purported group as a distinct class of persons)." *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019). Vega-Gutierrez must show that his membership in a particular social group is "at least one reason" for his feared persecution. *Guzman-Vazquez v. Barr*, 959 F.3d 253, 274 (6th Cir. 2020).

Vega-Gutierrez defined his particular social group as persons returning to Mexico after a long stay in the United States who are targeted by criminals believing that the returnees have money. As the IJ pointed out, this court has "repeatedly rejected the position that individuals returning from the United States to their home countries comprise a particular social group." *Sanchez-Robles*, 808 F.3d at 692 (citing cases). The IJ concluded that Vega-Gutierrez had failed to distinguish his case from *Sanchez-Robles*, in which the petitioner likewise claimed a particular social group of "persons who are perceived to have money or access to money due to having spent a significant amount of time in and having familial ties to the United States." *Id*. The IJ went on to find that, even if his proposed social group were cognizable, Vega-Gutierrez had failed to establish a nexus between his membership in that group and his feared persecution. *See Zaldana*

*Menijar*, 812 F.3d at 500-01.  According to the IJ, criminals would target Vega-Gutierrez for extortion because they want money and not because he would be returning from the United States.

In his brief in support of his petition for review, Vega-Gutierrez fails to address the IJ's determination that "returnees from the United States" is not a cognizable social group and that, even if that group were cognizable, he had failed to establish a nexus between his membership in that group and his feared persecution.  Vega-Gutierrez does not cite *Sanchez-Robles*, let alone distinguish that case.  By failing to address these dispositive issues, Vega-Gutierrez has forfeited his challenge to the denial of his application for withholding of removal.  *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999))).

Accordingly, we **DENY** Vega-Gutierrez's petition for review.