NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0097n.06

Case No. 21-3092

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 03, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BASILIO BARCENAS-SALES, | ) | |
| Petitioner, | ) ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

Before: McKEAGUE, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Basilio Barcenas-Sales is scheduled to be deported to Mexico, his home country. To avoid that result, Barcenas-Sales seeks review of a Board of Immigration Appeals decision denying his application for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). According to Barcenas-Sales, the Board erred in assessing his risk of future persecution at the hands of drug cartels. But substantial evidence supports the Board's decision. And as the Board otherwise made no error in measuring Barcenas-Sales's risk of future persecution, we deny his petition.

## BACKGROUND

Barcenas-Sales, a Mexican citizen, entered the United States illegally and remained in the country for nearly two decades. Several run-ins with law enforcement brought Barcenas-Sales to the attention of the Department of Homeland Security, which instituted removal proceedings against him.

During those proceedings, Barcenas-Sales sought withholding of removal, a remedy available to those who would suffer persecution upon return to their home country due to their membership in a protected group. 8 U.S.C. § 1231(b)(3)(A). Barcenas-Sales asserted that, as a member of a family with two members murdered by cartels, his safety would be at risk if he returned to Mexico. To further the point, Barcenas-Sales submitted a variety of secondary sources demonstrating the dangerous state of affairs in Mexico. Those materials included a State Department report on human rights in Mexico, two news stories about crime in the country, and several third-party reports about human rights violations there. In many respects, Barcenas-Sales's evidence recognized the vast scope of private criminal activity in the country. But those materials also highlighted ongoing government efforts to address cartel violence. One document described a recent reduction in violence as well as Mexico's successes in combatting the cartels. A State Department report described how the Mexican government had "revamped" its efforts to combat cartel abductions by arresting and indicting hundreds of individuals in one year. And an article from the Associated Press discussed the Mexican government's "crackdown on drugs."

After considering these submissions, the Immigration Judge (IJ) overseeing Barcenas-Sales's removal proceeding denied his request for relief. In the IJ's view, Barcenas-Sales failed to demonstrate a clear probability of future persecution at the hands of a cartel. That was so, the IJ concluded, both because Barcenas-Sales lacked evidence of past persecution and because he had little evidence that present-day conditions threatened his safety specifically. On that latter point, the IJ deemed evidence that cartels had targeted his family speculative, noting that his family continued to reside in Mexico "without harm." Much the same was true as to evidence concerning Mexico's general conditions. Acknowledging Mexico to be "a dangerous and violent country,"

the IJ nonetheless did not view the record as demonstrating that the government was unable to control the cartels, noting that Mexico "continues to fight against these criminal actors."

Barcenas-Sales appealed to the Board. But he fared no better. Reviewing the IJ's findings, the Board concluded that the IJ had not committed clear error. In particular, the Board agreed with the IJ that Barcenas-Sales failed to establish that the Mexican government would be unable or unwilling to protect him from cartel violence.

## ANALYSIS

We review the Board's decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent the Board adopted the IJ's reasoning, however, we necessarily review the IJ's decision too. *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). We review the Board's legal determinations de novo and its findings of fact for substantial evidence. *Mandebvu v. Holder*, 755 F.3d 417, 424 (6th Cir. 2014). Under this deferential standard, an agency's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

To qualify for withholding of removal, Barcenas-Sales must show his "life or freedom would be threatened" based on his "race, religion, nationality, membership in a particular social group, or political opinion" if he is removed to Mexico. *Id*. § 1231(b)(3)(A). Barcenas-Sales maintains that he meets this standard due to membership in his family, a status we have previously recognized can constitute membership in a "particular social group." *See Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009). The Board's determination stands, however, unless it erred in assessing whether Barcenas-Sales's "life or freedom would be threatened" if he were to return to Mexico. 8 U.S.C. § 1231(b)(3)(A). To demonstrate error in this respect, Barcenas-Sales must show there is a "clear probability that he will be subject to persecution if forced to return" to

3

Mexico. *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (citations omitted). And that persecution must be "sufficiently tied" to the Mexican government. *See Ortiz v. Garland*, 6 F.4th 685, 688 (6th Cir. 2021) (defining persecution).

That latter consideration bears on Barcenas-Sales's claim. He does not argue that he is at risk of persecution by the government itself, the most direct way to show that a harm is "sufficiently tied to a country's government." *Id*. Instead, Barcenas-Sales maintains that he faces future persecution by private parties—Mexican drug cartels. To show a risk of persecution tied to governmental action, then, Barcenas-Salas must demonstrate that the Mexican "government is unwilling or unable to control" the cartels, *K. H. v. Barr*, 920 F.3d 470, 475 (6th Cir. 2019)—that is, that he "could not reasonably expect the assistance of the government" in preventing persecution by a cartel, *Al-Ghorbani*, 585 F.3d at 998. Two factors inform this consideration. One is the government's response to the specific risks the applicant faces. *K.H.*, 920 F.3d at 475–76. The other is an assessment of general country conditions, such as the country's broad "social, economic, and cultural realities." *Id.* at 477–78.

With these guideposts in mind, we examine the "totality of the evidence" to determine whether substantial evidence supports the Board's findings. *Ortiz*, 6 F.4th at 689 (rejecting reliance on a "categorical rule" to determine risk of future persecution in favor of a "totality of the evidence" approach). And based on these metrics, Barcenas-Sales falls well short of demonstrating by a clear probability that he could not "reasonably expect" Mexican government "assistance" against the cartels. Start with the specific risks facing Barcenas-Sales. In findings that Barcenas-Sales does not take issue with here, the Board and IJ concluded that he lacked evidence demonstrating a threat posed to him specifically by cartel violence. Likewise, both the Board and IJ found that Barcenas-Sales failed to show that the Mexican government did not protect

4

his family members from the cartels. In fact, just the opposite. As the IJ observed, members of Barcenas-Sales's immediate family continue to live in his hometown without incident.

Now turn to the general country conditions. Here, the record contains conflicting evidence of Mexico's ability and willingness to fight the cartels. On the one hand, there is evidence of vast criminal activity by Mexican cartels. But on the other, there is evidence that an increasingly resolved Mexican government is having some success against the cartels. In view of this conflicting evidence, we cannot say that "any reasonable adjudicator would be compelled to conclude" that Barcenas-Sales cannot expect government assistance against the cartels. 8 U.S.C. § 1252(b)(4)(B). Balancing Barcenas-Sales's weak evidence on general country conditions against the dearth of evidence concerning any specific risks he might face in Mexico, substantial evidence supports the Board's decision.

Seeing things differently, Barcenas-Sales contends that, even if Mexico is *willing* to fight the cartels, the evidence demonstrates that Mexico is *unable* to do so. Rather than looking at the totality of the evidence, Barcenas-Sales presses us to adopt a categorical rule: unless a country is "winning the fight" against criminal activity, there should be a finding of future persecution. That, however, is not the law. When determining a risk of future persecution by a private party, we consider evidence of both the government's specific efforts to protect the applicant as well as the country's general conditions. *Ortiz*, 6 F.4th at 689. More to the point, we have never held that a country must be victorious in its crimefighting efforts before the Board can reject a claim of future persecution. Instead, we look to whether the government is "taking steps" that would protect the applicant from private harm. *Id.* at 690; *see, e.g.*, *Sebastian-Gaspar v. Garland*, 852 F. App'x 973, 975 (6th Cir. 2021) (finding no risk of future persecution even where evidence showed the police had failed to control gangs in parts of Guatemala because there was evidence of the government's

ongoing "campaign" to address the problem); *Hamzah v. Holder*, 428 F. App'x 551, 558 (6th Cir. 2011) (rejecting the argument that the government was unable to protect the applicant as country reports showed that the government "continued to make strides" to prosecute the crimes at issue); *see also Rosa-Mejia v. Garland*, 854 F. App'x 9, 13–14 (6th Cir. 2021) (similar); *José-Tomás v. Barr*, 822 F. App'x 354, 358–59 (6th Cir. 2020) (similar); *Velasquez-Rodriguez v. Whitaker*, 762 F. App'x 241, 245 (6th Cir. 2019) (similar).

At bottom, Barcenas-Sales takes issue with the agency's finding that Mexican authorities are having success in reducing private violence. Reasonable minds might disagree with that conclusion. But we will "not reverse such findings simply because we [could] have decided them differently." *Al-Ghorbani*, 585 F.3d at 991. With substantial evidence supporting the Board's determination regarding Barcenas-Sales's risk of future persecution, we need not consider his alternative argument on appeal concerning the nexus between his protected status and any persecution.

## CONCLUSION

For these reasons, we deny the petition for review.