NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0483n.06

No. 24-3208

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

HASANUL ISLAM PARVAJ,

     Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

     Respondent.

)
)
)
)
)
)
)
)
)
)

**FILED**

Dec 03, 2024

KELLY L. STEPHENS, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

---

Before: KETHLEDGE, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Hasanul Parvaj, a native and citizen of Bangladesh, applied for admission at the United States border in 2014 without proper entry documents. Parvaj conceded that he was removable but sought relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Finding Parvaj not credible, the immigration judge (IJ) denied all forms of relief. The BIA affirmed. Parvaj now petitions for review. For the reasons stated, we DENY the petition.

I.

Hasanul Parvaj is a native and citizen of Bangladesh. In 2014, he applied for admission to the United States at a port of entry, claiming that he feared returning to Bangladesh. An asylum officer concluded that Parvaj's fear of persecution upon returning to Bangladesh was credible and sent his case to an IJ.

Parvaj conceded removability before the IJ. But he applied for relief in the form of asylum, withholding of removal, and CAT protection. He claimed fear of persecution in Bangladesh on

account of his political opinion due to his membership in the Bangladesh Nationalist Party. He alleged that the rival political party, the Awami League, had threatened and beaten him on several occasions. After hearing Parvaj's testimony, the IJ denied his applications for relief. The IJ found that Parvaj's testimony was not credible, noting numerous discrepancies between his statements and testimony at the credible-fear interview, in his asylum application, and at the hearing before the IJ. This determination was fatal to Parvaj's request for asylum and withholding of removal. The IJ also determined that Parvaj had failed to meet his burden of proof for CAT protection. The IJ thus ordered Parvaj removed to Bangladesh.

Parvaj appealed to the BIA. The BIA upheld the IJ's decision and dismissed Parvaj's petition. Parvaj now petitions for review.

II.

*Adverse Credibility Determination.* Parvaj's primary challenge on appeal is that the IJ erred by finding him not credible and thus denying his requests for relief. "Where, as here, the BIA . . . issued its own separate opinion, we review the BIA's opinion as the final agency determination." *Hassan v. Holder*, 604 F.3d 915, 924 (6th Cir. 2010). "[T]o the extent the BIA adopted the [IJ's] reasoning, this court also reviews the [IJ's] decision." *Sanchez-Robles v. Lynch*, 808 F.3d 688, 692 (6th Cir. 2015). We review adverse credibility determinations under the deferential substantial evidence standard, meaning that they "are conclusive unless any reasonable adjudicator would be compelled to make a contrary conclusion." *Slyusar v. Holder*, 740 F.3d 1068, 1073 (6th Cir. 2014).

Previously, the law allowed IJs to consider only "inconsistencies that went to the heart of an applicant's claim when making an assessment of the applicant's credibility." *Id.* at 1072. But Congress changed that in the Real ID Act of 2005, which applies to Parvaj's case. *Id.* Now, IJs

may "consider 'any inaccuracies or falsehoods in [an applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.'" *Id.* (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "There is no presumption of credibility," and any inconsistencies must be considered as part of "the totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ and the BIA pointed to omissions and inconsistencies in Parvaj's statements that the agency reasonably believed suggested that Parvaj had "embellished his testimony" regarding the injuries and threats he suffered. First, the IJ and BIA noted inconsistencies in Parvaj's statements related to a July 2012 beating by the Awami League. Specifically, the IJ found that Parvaj had shifted his description of the injuries over time. The asylum officer asked whether Parvaj was injured at the time of the beating, and Parvaj responded, "Yes. I got hurt on my hand." The officer followed up by asking how Parvaj hurt his hand, to which Parvaj responded, "I got a cut and scratch." Before the IJ, however, Parvaj testified that he was stabbed in the hand by a knife. Yet, he had never mentioned anything about a knife at the credible-fear interview, even though he was given an opportunity. And when asked why he failed to bring the stabbing to the attention of the asylum officer, Parvaj said that he had "no reason" for not mentioning the knife.

Second, the IJ and the BIA pointed to Parvaj's varying accounts related to a July 2013 group fight with the Awami League. During his credible-fear interview, Parvaj said that he "got hurt in my teeth and in my lip" during the July 2013 incident. At the hearing before the IJ, however, he said that the Awami League broke two of his teeth and he needed stitches. And that because of the incident, he went to the hospital for two days. Parvaj, however, couldn't provide proof of his hospital stay, nor could he explain why he didn't provide more details about the severity of the injuries to the asylum officer.

Third, the agency noted the discrepancies regarding the timing and frequency of the phone call threats from the Awami League. During his credible-fear interview, Parvaj said he received one threatening phone call in February 2014, after an election important to the Awami League. But he later testified that he was threatened both before and after the election in 2014, and that he had answered several threatening calls from the Awami League.

These inconsistencies and omissions need not go to the heart of Parvaj's claim. *Slyusar*, 740 F.3d at 1073. And where a petitioner seeks to add new incidents or harms, or embellish those that already occurred, as the proceedings continue, the agency has discretion to reject those as inconsistent with the earlier statements. *See Kolov v. Garland*, 78 F.4th 911, 922 (6th Cir. 2023). In sum, the evidence presented doesn't compel a different result on the credibility determination, so under the substantial evidence standard, we must affirm the agency's decision.

Parvaj counters with alleged errors in the agency's process. First, he says that the IJ erred by relying on the notes from the credible-fear interview at all because the notes are not complete or a verbatim report of his statements at the interview nor is the interview process a complete investigation of his asylum claim. Second, Parvaj argues that the IJ erred by comparing his asylum testimony to the statements in his asylum application because "[d]ue to the small space on the I-589 form, it is not reasonable to expect an applicant to include every detail pertaining to the asylum claim." Petitioner Br. at 26. Whatever the merit of these claims, Parvaj did not raise them before the BIA, so we cannot entertain them. *See Singh v. Rosen*, 984 F.3d 1142, 1155 (6th Cir. 2021).

Even if the IJ could consider the notes, Parvaj argues that the IJ placed too much weight on them; he again argues that they are not a verbatim report of his testimony and says the asylum officer did not ask any follow-up questions, so he could not explain what he meant by his

statements. As noted previously, however, the asylum officer did ask follow-up questions, and on each occasion, Parvaj was asked opened-ended questions, in which he could have responded with the level of detail provided to the IJ. He did not. Parvaj also claims that translation issues accounted for the discrepancies. But as the BIA explained, "[T]he asylum officer read [Parvaj] a summary of his claim using an interpreter, and [Parvaj] said he understood the interpreter during his credible fear interview." So as the BIA reasonably concluded, "This is not a case where there is a strong indication that the inconsistencies resulted from translation errors or language-based misunderstanding . . . ." Parvaj fails to point to record evidence that would compel any reasonable adjudicator to conclude to the contrary. *Slyusar*, 740 F.3d at 1073. Substantial evidence supports the BIA's adverse credibility determination.

*CAT Protection.* Given his presentation of the issue, Parvaj's entitlement to CAT protection also rises and falls on the adverse credibility determination. He asks for a remand for reconsideration of his entitlement to CAT protection "because of the errors in the BIA's credibility determination." Petitioner Br. at 32. Having found that the BIA didn't err in upholding the IJ's adverse credibility determination, Parvaj's challenge to the denial of CAT protection also fails.

*Other Challenges.* Finally, Parvaj raises the possibility that the then-forthcoming decision by the Supreme Court in *S.E.C. v. Jarkesy* might offer some ground for a constitutional challenge. For example, Parvaj's briefing alludes to the possibility that a jury trial right might attach in removal proceedings. But Parvaj fails to flesh out his constitutional arguments; instead, his briefing merely notes that the *Jarkesy* case was pending. The Supreme Court has since released *Jarkesy*. *See S.E.C. v. Jarkesy*, 144 S. Ct. 2117 (2024). That case concerned S.E.C. enforcement proceedings involving allegations of fraud, and the common-law fraud analogue was important to the Supreme Court's decision. *See id.* at 2127. We see no parallel here. But, in any event, Parvaj

made no effort either before the Supreme Court's decision or afterwards, by way of a Rule 28(j)

letter, to explain why *Jarkesy* supports his position. We find this argument abandoned. *See United*

*States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006).

* * *

 We DENY the petition for review.